TRIPODI, D. B. A. NAPLES LOUNGE, APPELLANT, *v.* LIQUOR
CONTROL COMMISSION, APPELLEE.

(No. 1173—Decided February 4, 1970.)

*Mr. Joseph I. Tripodi,* for appellant.

*Mr. Paul W. Brown,* attorney general, and *Mr. Richard L. Boylan,* for appellee.

LYNCH, P. J. This is an appeal pursuant to Section 119.12, Revised Code, from a decision of the Liquor Control Commission which suspended the D-5 liquor permit of plaintiff, appellant herein, for a period of one hundred days for violation of a Liquor Control Commission regulation on Sunday sales of intoxicating liquor. Plaintiff was not present at the hearing and contends that he did not receive notice of the hearing.

Defendant, appellee herein, produced a copy of the notice of the hearing, together with a return receipt signed by "Kay Golas," that was sent by registered mail to plaintiff at his place of business pursuant to Section 119.-07, Revised Code. Plaintiff was unsuccessful in his appeal to the Common Pleas Court and is appealing to this court.

A review of the record reveals that the decision of the Liquor Control Commission is supported by reliable, probative and substantial evidence. The only issue in this case is whether valid notice was given plaintiff pursuant to Section 119.07, Revised Code.

Plaintiff contends that service by registered mail, return receipt requested, pursuant to Section 119.07, Revised Code, means personal service on the permit holder and that defendant did not comply by giving notice to him pursuant to Section 119.07, Revised Code, because he did not sign the receipt for the registered letter.

Due process of law requires that a permit holder have a right to be heard at a hearing before the Liquor Control Commission on an alleged violation of Liquor Control Commission regulations wherein his right to continued operation under his liquor permit is in jeopardy. *Smith* v. *Mayfield Heights,* 99 Ohio App. 501. Adequate notice of such hearing is a necessary part of this right.

The provision of Section 119.07, Revised Code, for giving notice to a party by registered mail, return receipt requested, informing him of his right to a hearing prescribes adequate notice and is in compliance with due pro-

cess of law. 41 Ohio Jurisprudence 2d 49, Notice, Section 30.

We hold that the mailing of such notice to a permit holder at the place of business for which the permit is issued by the Liquor Control Commission is in compliance with Section 119.07, Revised Code, and with due process of law.

Where a notice is sent by registered mail, with a return receipt requested, and thereafter a signed receipt is returned, a prima facie case is established of the fact of delivery of such notice to such address. *Nunlist* v. *Motter,* 81 Ohio App. 506; 41 Ohio Jurisprudence 2d 62, Notice, Section 43. See Section 4123.522, Revised Code.

In the instant case, the signed receipt was prima facie evidence of delivery of such notice to plaintiff's place of business. Plaintiff had the burden to rebut this evidence. He submitted an affidavit that he did not personally receive such notice and that as far as he knew none of his employees received such notice. However, he introduced no testimony as to the identity of "Kay Golas." There is nothing in the record to indicate what relationship, if any, Kay Golas was to plaintiff. The trial court, in its opinion, referred to Kay Golas as one of the permit holder's employees and treated her as his agent, and the briefs of both parties refer to Kay Golas as an employee of plaintiff.

We hold that receipt of written notice by registered mail by an employee of a permit holder at his place of business raises a presumption of receipt of such notice by the permit holder. Plaintiff did not introduce any evidence to rebut this presumption.

In appeals on questions of law, all reasonable presumptions consistent with the record will be indulged in favor of the validity of the judgment under review. 3 Ohio Jurisprudence 2d 666, Appellate Review, Section 715. We hold that plaintiff has not overcome the presumption in favor of the regularity of the judgment of the trial court.

*Judgment affirmed.*

O'NEILL and JOHNSON, JJ., concur.