OPINION
Appellant, Eugene D. Fink, a liquor permit holder, appeals, pursuant to R.C. 119.12, the decision and judgment entry of the Franklin County Court of Common Pleas affirming the order of the Liquor Control Commission ("commission"), which revoked appellant's D-5 liquor permit.
According to the record, appellant had a D-5 liquor permit for his premises in Norton, Ohio, known as "Rhonda's Toy Box" ("premises"). Sometime in 1996, one of appellant's employees served alcohol to a minor at the premises; the employee was issued a citation for the offense, pled no contest, found guilty and was fined $50.
Around March 7, 1997, an agent from the commission entered the premises and informed the employee in charge, Robin Connally, of the violation and then issued a citation to her.
On July 15, 1997, a notice of hearing, informing appellant of a September 11, 1997 hearing before the commission, was mailed certified with a return receipt requested to the premises' mailing address. Around August 11, 1997, the notice was returned "unclaimed." As a result, the hearing date was continued to December 4, 1997, and the commission issued another notice of hearing by personal delivery, which was obtained on November 18, 1997, upon Robin Connally at the premises. Robin Connally, however, refused to sign the form acknowledging personal delivery.
Appellant failed to appear at the December 4, 1997 hearing. After reviewing the evidence, the commission, on December 16, 1997, issued an order finding that appellant violated R.C. 4301.25(A) and, as a result, appellant's liquor permit was revoked. The commission denied appellant's motion for rehearing.
Pursuant to R.C. 119.12, appellant appealed to the Franklin County Court of Common Pleas, which affirmed and held that the commission's order is supported by reliable, probative and substantial evidence, and is in accordance with the law. As a result, appellant has filed this appeal, assigning the following assignment of error:
 THE ORDER OF THE LIQUOR CONTROL COMMISSION WAS NOT SUPPORTED BY RELAIBLE, PROBATIVE AND SUBSTANTIAL EVIDENCE AND WAS NOT IN ACCORDANCE WITH LAW.
In short, appellant contends that the commission's order is invalid because appellant was never properly notified of the hearing date. The trial court below held that the personal service of the notice of hearing upon appellant's employee at the premises raised a presumption that appellant received notice of the December 4, 1997 hearing. The record from the hearing is void of any evidence refuting that presumption; therefore, the trial court held that the commission met the notice requirements as set forth in R.C. 119.07 and that appellant was afforded due process. We agree.
R.C. 119.07 provides, in pertinent part, as follows:
 Except when a statute prescribes a notice and the persons to whom it shall be given, in all cases in which section 119.06 of the Revised Code requires an agency to afford an opportunity for a hearing prior to the issuance of an order, the agency shall give notice to the party informing him of his right to a hearing. Notice shall be given by registered mail, return receipt requested ***.
***
 When any notice sent by registered mail, as required by sections 119.01 to 119.13 of the Revised Code, is returned because of failure of delivery, the agency either shall make personal delivery of the notice by an employee of the agency or shall cause the notice to be published once a week for three consecutive weeks in a newspaper of general circulation in the county where the last known place of residence or business of the party is located. ***
 The failure of an agency to give the notices for any hearing required by sections 119.01 to 119.13 of the Revised Code in the manner provided in this section shall invalidate any order entered pursuant to the hearing.
Since there are no factual disputes, our review is on the question of law as to whether appellant was afforded sufficient notice of the December 4th hearing when the notice was left with his employee at the licensed premises.
For guidance, we look to the case of Tripodi v. LiquorControl Commission (1970), 21 Ohio App.2d 110, which held that notice of a hearing before the commission, which is sent by registered mail, return receipt requested and is signed by an employee of a permit holder at his place of business, raises a presumption of receipt of such notice by the permit holder.
Here, the commission attempted to serve notice by registered mail, return receipt requested, at the address of appellant's place of business. The notice went unclaimed and was returned as such. The commission then instructed agent, Gerald Hook, to personally serve the notice of hearing. The record reveals that he did so and left the notice with Robin Connally, a barmaid, at the premises. Robin Connally refused to sign the acknowledgment form presented by Agent Hook.
We hold that, under these facts, the commission afforded appellant notice that was reasonably calculated under these circumstances to apprise appellant of the hearing date. A person has no right to shut his eyes or his ears to avoid information and then say he has not been given any notice. See State ex rel.Schulman v. Cleveland (1966), 8 Ohio Misc. 1, 15.
Appellant has failed to point this court to any evidence in the record from the December 4, 1997 hearing that refutes the presumption raised by the facts of this case. We note that this appeal is from the December 16, 1997 order and not the commission's January 2, 1998 denial of appellant's motion for reconsideration.
Accordingly, we hold that the trial court did not err as a matter of law when it held that the order of the commission is in accordance with the law. Appellant's assignment of error is overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
BOWMAN and BROWN, JJ., concur.