OPINION
This matter presents a timely appeal from a decision rendered by the Belmont County Common Pleas Court, sustaining the motion for judgment on the record filed by defendant-appellee, Liquor Control Commission, and thereby affirming a default judgment entered against plaintiffs-appellants, John B. Cordery, et al.
On July 6, 1996, a stabbing occurred at the White Oak Lounge, a bar and restaurant located in Powhatan Point, Belmont County, Ohio. This establishment was formerly owned by appellant, John B. Cordery ("Cordery"). Prior to the July 6, 1996 stabbing, Cordery sold the White Oak Lounge to appellant, Barbara Bennington ("Bennington"). Although the White Oak Lounge was owned and operated by Bennington on July 6, 1996, the establishment's liquor permit had not yet been transferred to Bennington. As such, Cordery was the permit holder of record at the relevant time.
Following its investigation of the circumstances surrounding the stabbing, the Ohio Department of Public Safety, Liquor Enforcement issued an administrative citation to the White Oak Lounge for alleged violations of Ohio Adm. Code 4301:1-1-52, prohibiting improper conduct, and R.C. 4301.22(B), prohibiting the sale of beer or intoxicating liquor to an intoxicated person.
On February 11, 1997, appellee held an evidentiary hearing regarding the alleged violations. Although Cordery received notice of the hearing by certified mail on January 16, 1997, at the address listed on his liquor permit (being the address of the White Oak Lounge), neither he nor Bennington made an appearance at such hearing. Therefore, the attorney general moved for, and was granted, default judgment. On March 21, 1997, appellee issued an order finding the White Oak Lounge to be in violation of Ohio Adm. Code 4301:1-1-52 and R.C. 4301.22(B) and, revoked Cordery's liquor permit.
On April 10, 1997, appellants appealed appellee's March 21, 1997 order in accordance with R.C. 119.12, to the Belmont County Common Pleas Court. The court thereafter sustained appellee's motion for judgment on the record and issued its accompanying opinion and decision on February 10, 1998. It is from this decision that the within appeal emanates.
Appellant, Bennington's sole assignment of error on appeal alleges:
 "THE TRIAL COURT ERRED IN AFFIRMING THE DEFAULT JUDGMENT ENTERED BY THE APPELLEE WHERE THE APPELLEE FAILED TO PROVIDE THE APPELLANT BARBARA BENNINGTON WITH NOTICE OF THE REVOCATION HEARING EVEN THOUGH THE APPELLEE KNEW OR SHOULD HAVE KNOWN THAT THE APPELLANT BARBARA BENNINGTON WAS THE REAL PARTY IN INTEREST AND OWNER OF THE ESTABLISHMENT WHERE THE VIOLATIONS OCCURRED."
Appellant Bennington argues that since she was the real party in interest and the owner of the White Oak Lounge at the time of the violations in question, she was entitled to personal notice of the evidentiary hearing held on February 11, 1997 concerning the impending liquor permit revocation. She asserts that the failure to provide her with such notice violated her due process rights.
Bennington claims that the Ohio Department of Public Safety, Liquor Enforcement had actual and constructive knowledge of her involvement on the permit premises. In support, Bennington points to a telephone conversation that the department's investigating agent had with a bartender on the permit premises in August of 1996 and during which the bartender clearly identified Bennington as the owner of the White Oak Lounge. Bennington further maintains that the department endorsed and cashed two checks written by her in payment of the liquor permit renewal.
The role of the common pleas court in an appeal from a decision of an administrative agency is to determine whether the agency's decision is supported by a preponderance of substantial, reliable and probative evidence. R.C. 119.12; Our Place, Inc. v.Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570. In reviewing the decision of the common pleas court, an appellate court must determine whether the trial court abused its discretion as to issues of fact. However, an appellate court conducts a de novo review on issues of law. Univ. Hosp. Univ. of Cincinnati Collegeof Medicine v. State Emp. Relations Bd. (1992), 63 Ohio St.3d 339.
The statutorily mandated procedure for hearings before the Liquor Commission is spelled out in Ohio Adm. Code4301:1-1-65 (A), which states, in pertinent part, as follows:
 "When the director, acting pursuant to the provisions of the Liquor Control Act or rules of the commission, cites a permit holder to appear before the commission to show cause why his permit should not be revoked, suspended or canceled, the director, or his designate, shall, at least fifteen days prior to the date of such hearing, send a notice of such hearing by certified mail, return receipt requested, to the holder of the permit at the address set forth in the permit. * * *" (Emphasis added).
Moreover, R.C. 4301.27 is the statutory parallel to the above administrative rule and explains the liquor permit revocation process:
 "The liquor control commission may revoke or cancel any permit on its own initiative or on complaint of the division of liquor control or of any person, after a hearing at which the holder shall be given an opportunity to be heard in such manner and upon such notice as prescribed by the rules of the commission." (Emphasis added).
Ohio statutory law is clear that the holder of the liquor permit is the person to whom notice and opportunity to be heard shall be afforded. In the case at bar, Cordery was at all relevant times the holder of the liquor permit at issue. In its compliance with Ohio law, the Ohio Department of Public Safety, Liquor Enforcement sent Cordery formal notice by certified mail of the February 11, 1997 evidentiary hearing to the address of the White Oak Lounge. Cordery clearly received the notice of hearing as evidenced by his signature on the certified mail receipt. Due process is satisfied whenever adequate notice provides an individual with an opportunity to be heard. Gibraltar MausoleumCorp. v. Cincinnati (1981), 1 Ohio App.3d 107. See also, Mullanev. Central Hanover Bank Trust Co. (1950), 339 U.S. 306. Additionally, the court in Tripodi v. Liquor Control Commission
(1970), 21 Ohio App.2d 110, held that the mailing of a notice of hearing to the permit holder at the place of business for which the permit was issued is in compliance with R.C. 119.07.
Finally, Cordery was the proper person to whom notice was required to be served as he was the only person with the authority to sell liquor at the White Oak Lounge pursuant to R.C.4303.27. In Nahas v. George (1951), 156 Ohio St. 52, the Ohio Supreme Court forbade partners from jointly selling liquor where only one of the partners was named on the permit. Cordery was the only person whose name appeared on the liquor permit at issue. As such, he was the only person who could have lawfully sold intoxicating liquors at the White Oak Lounge and thereby, was the appropriate party in interest for the purpose of the February 11, 1997 evidentiary hearing.
We agree with the trial court, which stated:
 "If a permit is terminated in a lawful manner under the provisions of the act creating it, the licensee cannot complain as his license to operate was issued to him subject to that contingency. Such a license does not create property right within the constitutional meaning of that term, nor even a contract; it constitutes a mere permission to engage in the liquor business, which may be revoked in the prescribed legislative manner." (Opinion and Decision filed February 10, 1998, 3).
Appellee's decision to revoke the liquor permit at issue was supported by a preponderance of substantial, reliable and probative evidence. Furthermore, Cordery did not appear at such hearing to offer any evidence which would suggest that revocation of the liquor permit at issue was improper. In accordance with both Ohio statutory and case law, Bennington was not entitled to notice of the evidentiary hearing in this case as she was not the record holder of the liquor permit at the time in question. Therefore, the trial court did not err in granting appellee's motion for judgment on the record.
Appellant's sole assignment of error on appeal is found to be without merit.
The judgment of the trial court is affirmed.
Vukovich, J., concurs.
Waite, J., concurs.
APPROVED:
 ____________________________________ EDWARD A. COX, PRESIDING JUDGE