OPINION
Appellant, Oak Grove Manor, Inc., a Medicaid provider, operates a skilled nursing facility at 1670 Crider Road in Mansfield, Ohio, known as Oak Grove Manor. Prior to June 1997, the facility was owned and operated by McCaulley, Inc., dba McCaulley Care Center. In June 1997, a multi-tier corporate reorganization was completed to simplify the corporate structure of McCaulley, Inc. and several affiliated corporations. As a result of the reorganization, the nursing home's name was changed from McCaulley Care Center to Oak Grove Manor. By letter dated October 21, 1997, appellant notified appellee, Ohio Department of Human Services[1] ("ODHS"), that the corporate structure of McCaulley Care Center had been reorganized, that its name had been changed to Oak Grove Manor, and that no change of ownership had occurred. Both a "Disclosure of Ownership and Control Interest Statement" form completed by the administrator of Oak Grove Manor on October 30, 1997, and a "Medicare/Medicaid Certification and Transmittal" form completed by the Department of Health on December 4, 1997, listed "1670 Crider Road, Mansfield, Ohio 44903" as the appropriate address for Oak Grove Manor.
Pursuant to an audit, appellee, on March 6, 1998, issued to "McCaulley Care Center, 1670 Crider Road, Mansfield, Ohio 44903," two proposed orders adjudicating final Medicaid rate recalculations, one for $56,227.77 and one for $91,897.13, for the fiscal period July 1, 1995 through June 30, 1996. The proposed adjudication orders advised "McCaulley Care Center," pursuant to R.C. 119.07, of its right to request an administrative hearing within thirty days of the time of mailing of the notice.
The proposed adjudication orders were sent by certified mail, return receipt requested, to "McCaulley Care Center, 1670 Crider Road, Mansfield, OH 44903." The certified mail receipt was by signed "Stacy Thomas" on March 7, 1998. It is undisputed that no administrative hearing was requested. On September 29, 1999, appellee issued orders of adjudication to "McCaulley Care Center" at the Crider Road address. The adjudication orders implemented the final rate recalculations.
On October 14, 1999, appellant timely appealed the September 29, 1999 adjudication orders to the Franklin County Court of Common Pleas pursuant to R.C. 119.12. On October 15, 1999, appellant moved to stay execution of appellee's adjudication orders while the appeal was pending. In support of its motion, appellant argued that it was not properly notified of its right to a hearing under R.C. 119.07 because the March 6, 1998 proposed adjudication orders were improperly issued in the name of "McCaulley Care Center," rather than Oak Grove Manor, and because none of the nursing home's administrators had ever seen, or had even been aware of, the March 6, 1998 notices. Appellant attached to its motion for stay the affidavit of K. Robert Evenson, Jr., appellant's corporate treasurer, wherein he attested that none of the administrators of Oak Grove Manor, nor any of appellant's officers or representatives, had any record of having received the March 6, 1998 proposed adjudication orders which formed the basis for the September 29, 1999 adjudication orders. Mr. Evenson further attested that although the name appearing on the certified mail receipt, i.e., Stacy Thomas, "appear[ed]" to be the name of a licensed practical nurse who worked at Oak Grove Manor on weekends in March 1998, appellant had been unable to verify whether the signature appearing on the receipt was actually that of Stacy Thomas. On November 19, 1999, the common pleas court entered an order staying execution of appellee's September 29, 1999 adjudication orders.
In its brief before the common pleas court, appellant reiterated the arguments asserted in its motion for stay, and argued further that appellee should have mailed the March 6, 1998 proposed adjudication orders to appellant's statutory agent at appellant's corporate headquarters in Columbus, Ohio.
In its response brief, appellee argued that the March 6, 1998 notices fully complied with R.C. 119.07 because the notices were sent to appellant's last known business address and were signed for at that place of business. In a supplemental brief, appellee further argued that the March 6, 1998 notices were not improperly addressed to "McCaulley Care Center" because appellant continued to use that name on official filings and agreements well into 1998 and because appellant had regularly filed notices with appellee directing appellee to mail correspondence to the Crider Road address. Appellee attached to its supplemental brief certified copies of correspondence and other documentation in support of its argument.
On December 20, 2000, the common pleas court rendered its decision and entry. The court held that receipt of the certified mail by appellant's employee at the Crider Road address constituted prima facie evidence of proper service and that the arguments and evidence set forth by appellant failed to rebut the presumption of service. Accordingly, the court held that the notices sent by appellee to appellant fully complied with R.C.119.07. The court further held that because appellant's failure to request an administrative hearing resulted in a failure to exhaust its administrative remedies, the court lacked jurisdiction over the merits of the appeal.
Appellant has timely appealed from the common pleas court's decision and entry and advances a single assignment of error, as follows:
 The Franklin County Common Pleas Court erred and abused its discretion when it affirmed the order of the Ohio Department of Human Services dismissing appellant Oak Grove Manor's appeal.
Appellant contends that the common pleas court abused its discretion in determining that receipt of the certified mail service by one of appellant's employees at the nursing home constituted prima facie evidence of valid legal notice under R.C. 119.07. Specifically, appellant argues that the certified mail service was inadequate as it was not made upon appellant's statutory agent or the administrator of the nursing home, was made to McCaulley Care Center rather than Oak Grove Manor, and was signed for by a person whom appellant alleges may not have been authorized to sign for certified mail receipts. Appellant further argues that even if the court was correct in determining that certified mail service constituted prima facie evidence of proper notice, appellant effectively rebutted the presumption by Mr. Evenson's uncontroverted testimony that none of the nursing home's administrators ever received the March 6, 1998 notices. To that end, appellant argues that the common pleas court should have held a hearing on the issue of whether appellant received proper notice of its right to an administrative hearing. Finally, appellant argues that the common pleas court erred in finding that it was deprived of jurisdiction to hear the merits of appellant's appeal as a result of appellant's failure to request an administrative hearing before appellee.
R.C. 119.07 provides, in pertinent part:
 * * * Notice shall be given by registered mail, return receipt requested, and shall include the charges or other reasons for the proposed action, the law or rule directly involved, and a statement informing the party that he is entitled to a hearing if he requests it within thirty days of the time of mailing the notice. * * *
When a notice is sent by certified mail, return receipt requested, and thereafter a signed receipt is returned to the sender, a prima facie case of delivery to the addressee is established. Tripodi v. Ohio Liquor Control Comm. (1970), 21 Ohio App.2d 110, 112. The receipt of written notice by registered mail by an employee at a place of business establishes a presumption of receipt of such notice by the employer. Id. Valid service of process is presumed when the envelope is received by any person at the defendant's address; the recipient need not be an agent of the defendant. Ohio Civ. Rights Comm. v. First Am. Properties (1996), 113 Ohio App.3d 233, 237.
We find no merit to appellant's argument that the certified mail service was inadequate because the return receipts were signed for by someone who may not have been authorized to sign for certified mail receipts. As noted previously, valid service of process is presumed when the envelope is received by any person at the defendant's address; the recipient need not be an agent of the defendant. Furthermore, there is no evidence establishing that Stacy Thomas, the person who signed the return receipts, was not authorized to do so. Mr. Evenson admits in his affidavit that a person named Stacy Thomas worked for appellant on March 6, 1998, and does not deny that she was authorized to sign for certified mail. Although Mr. Evenson states in his affidavit that appellant has not been able to verify that the signature on the return receipt was actually that of Stacy Thomas, appellant offers no evidence establishing that Stacy Thomas did not sign the receipts or that someone failed to properly direct the notices after they were delivered to the nursing home. As noted by the common pleas court, appellant "offers nothing short of speculation to show that Ms. Thomas' signature was a forgery." (Dec. 20, 2000 Decision at 4.)
We further find baseless appellant's contention that notice by appellee was inadequate because it was not served upon the nursing home administrator or the statutory agent for Oak Grove Manor, Inc. at its corporate headquarters in Columbus, Ohio. Initially, we note that the issue of appellee's failure to serve the notices upon the nursing home administrator was not raised as an issue on appeal to the common pleas court and, thus, may not be raised before this court. Guthrie v. Ohio Dept. of Human Serv. (1995), 100 Ohio App.3d 519, 525. As to appellant's statutory agent argument, we note that the common pleas court did not address this issue in its decision and entry. We attribute such failure to the fact that the appellant appears to have abandoned such argument in its reply brief before the common pleas court, wherein appellant contends that "[t]he adjudication orders were required to be sent to: Oak Grove Manor, Inc., 1670 Crider Road, Mansfield, Ohio 44903." (Emphasis added.) Appellant does not address the statutory agent argument in its reply brief. In any event, as set forth in our previous discussion, service on a statutory agent is not the only means of perfecting service. Further, the cases cited by appellant do not require service upon a statutory agent and/or are distinguishable from the instant case. In Sonrise Office Systems, Inc. v. Miller (June 23, 1998), Mahoning App. No. 97 CA 31, unreported, the court recognized that "certified mail service sent to a business address can comport with due process if the circumstances are such that the successful notification could be reasonably anticipated." The court concluded that the intended recipient of the notice would not likely receive the notice at the address where process was served because he "did not maintain an office at the business premises where process was attempted to be served." In contrast, appellant unquestionably does business at the address to which the certified mail was sent .
In C H Investors, Inc. v. Ohio Liquor Control Comm. (Dec. 9, 1999), Franklin App. No. 98AP-1519, unreported, the agency attempted personal service after its attempt at service by registered mail failed. This court found that the attempted personal service was not effective because no evidence established that the person served was authorized to receive notice for the permit holder. However, this court noted that personal service was a "secondary method of giving notice" and that service by registered mail would have been adequate. Although this court observed that service on the corporation's statutory agent could have been attempted, this court did not hold that service on the statutory agent is the only means of perfecting service. In the instant case, service was perfected by certified mail.
We further find no merit to appellant's contention that the notices were inadequate because they were addressed to McCaulley Care Center, rather than Oak Grove Manor. Appellant's assertion is entirely inconsistent with evidence of record establishing that the name change was for administrative convenience and that the corporate restructuring was between related parties. Furthermore, the evidence establishes that appellant continued to hold itself out as McCaulley Care Center on provider agreement renewals as late as June 1998, three months after the notices were sent. In addition, the notices were sent to the Crider Road address, which is the address set forth on various documents prepared by appellant after the name change took place in June 1997. In short, we agree with the cogent analysis of the common pleas court on this issue:
 * * * Having claimed previously that there was no change of ownership and that the transition was for "administrative convenience" for a family owned business, Appellant should now be estopped from claiming that a totally "new entity" exists which cannot be served with orders addressed to its prior identity, when it had previously assured ODHS that there would be no interruption in service to the patients and no change in the make-up of the entity with whom ODHS had provider agreements. [Dec. 20, 2000 Decision at 5.]
Having determined that the common pleas court did not abuse its discretion in finding that certified mail service to McCaulley Care Center at the Crider Road address in Mansfield constituted prima facie evidence of proper service of the March 6, 1998 notices, we next turn to appellant's contention that it effectively rebutted the presumption of service through affidavit testimony that it did not receive the March 6, 1998 notices. Appellant argues that the common pleas court erred in failing to hold an evidentiary hearing on the issue of notice. We disagree. Upon review of the record, we find that appellant never requested an evidentiary hearing before the common pleas court on the issue of notice, nor did appellant request the opportunity to present additional evidence on that issue. The common pleas court afforded both parties ample opportunity to present evidence on the issue of notice. Indeed, the common pleas court noted in its decision and entry that: "In considering both sides of the service argument, the Court has reviewed not only the record certified by the agency but the documents referred to by the parties in the briefs, for the most part attached to the pleadings concerning Appellant's motion to stay which the Court previously granted."[2] (Dec. 20, 2000 Decision at 5.) If appellant believed that other evidence was necessary, it should have requested an opportunity to present it.
Further, it is clear from the court's decision that it carefully reviewed all the evidence presented by both parties on the issue of notice and either did not accept as credible Mr. Evenson's affidavit testimony that appellant did not receive the notices, or that such testimony was insufficient to rebut the presumption of service by certified mail. A common pleas court need not accept, as credible, an uncontroverted affidavit statement that service of process was not received. Oxley v. Zacks (Sept. 29, 2000), Franklin App. No. 00AP-247, unreported.
For the foregoing reasons, we conclude that the trial court did not abuse its discretion in determining that appellant received the required legal notice pursuant to R.C. 119.07. Having so found, we must next determine whether the common pleas court erred in dismissing appellant's appeal on the ground the court lacked jurisdiction to hear the appeal because of appellant's failure to exhaust its administrative remedies.
In In re Turner Nursing Home v. Ohio Dept. of Human Serv. (Nov. 21, 1985), Franklin App. No 85AP-610, unreported ("Turner I"), the Ohio Department of Human Services issued two proposed adjudication orders to the administrator of Turner Nursing Home ("Turner"). ODHS imposed a default and required payment from the nursing home for medicaid overpayments during two reimbursement periods. It was uncontested that Turner failed to request an administrative hearing. Turner filed an appeal with the common pleas court. ODHS filed a motion to dismiss for lack of jurisdiction, which was granted by the common pleas court. Upon Turner's appeal, this court remanded the matter to the common pleas court for the reason that the common pleas court did in fact have jurisdiction to hear Turner's appeal. This court held:
 A failure to request an adjudication hearing pursuant to R.C. 119.07 when afforded the opportunity to do so neither deprives a party adversely affected of his right of appeal from the eventual adjudication order pursuant to R.C. 119.12, nor deprives the common pleas court of jurisdiction to entertain such an appeal. Rather, such failure to request a hearing constitutes a waiver only of the right to an adjudication hearing before the administrative agency, pursuant to R.C. 119.06 and 119.07. R.C. 119.06 requires only that an opportunity for a hearing be afforded, not that a hearing be conducted. Such failure to request a hearing when an opportunity to do so is afforded prevents the adjudication order from being invalid as issued, contrary to R.C. 119.06, but does not affect the right to appeal from such order. Tripodi v. Liquor Control Comm. (1970), 21 Ohio App.2d 110.
Upon remand, the common pleas court vacated its original adjudication and received evidence from Turner which attempted to explain why Turner did not seek a timely administrative hearing. The common pleas court determined that Turner had received legal notice of the proposed adjudication order and remanded the entire matter to ODHS for an administrative hearing on the merits. ODHS appealed. In In re Turner Nursing Home v. Ohio Dept. of Human Serv. (Jan. 29. 1987), Franklin App. No. 86AP-767, unreported ("Turner II") this court reversed the judgment of the common pleas court, finding that once the common pleas court made the determination that Turner had received legal notice of the proposed adjudication order, all administrative remedies had been exhausted, and the matter should be remanded to the common pleas court to determine whether the evidence before it was sufficient to support the adjudication order. This court explained:
 * * * A failure to request an adjudication hearing pursuant to R.C. 119.07 when afforded the opportunity to do so neither deprives a party adversely affected of his right of appeal from the adjudication order nor deprives the common pleas court of jurisdiction to hear the appeal. A failure to timely request a hearing constitutes a waiver of the right to an adjudication hearing before the administrative agency but it does not affect the right to appeal from such an order to the common pleas court. See Tripodi v. Liquor Control Comm. (1970), 21 Ohio App.2d 110.
* * *
 * * * The fact that neither [Turner] nor anyone acting on behalf of [Turner] had requested an adjudicatory hearing pursuant to R.C. 119.07, may serve as a basis for finding that the adjudication order was supported by reliable, substantial, and probative evidence before the trial court. See Andrews v. Board of Liquor Control (1955), 164 Ohio St. 275. However the trial court, within its discretion, may decide that more evidence must be adduced. See Conrad, supra. In that event, the trial court, not ODHS, must vacate the adjudication orders, conduct a hearing, and make a determination as to the payments in question. * * *
Based on this court's holdings in Turner I and II, this court finds that the common pleas court erred in dismissing appellant's appeal upon the ground that the court lacked jurisdiction to hear the appeal because of appellant's failure to exhaust administrative remedies. Once the court determined that appellant had received legal notice of the proposed adjudication orders (a determination we have affirmed in this opinion), the court was then obligated to determine whether the evidence before it was sufficient to support the adjudication orders. As stated in Turner II, the fact that appellant did not request an adjudicatory hearing pursuant to R.C. 119.07 may serve as a basis for finding that the adjudication orders were supported by reliable, probative and substantial evidence. However, the court may, in its discretion, allow additional evidence on the issue of whether the adjudication orders are supported by reliable, probative and substantial evidence. In that event, the court must vacate the adjudication orders, conduct a hearing, and make a determination as to the payments in question.
Based on the foregoing, appellant's assignment of error is overruled in part and sustained in part, the judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this cause is remanded to that court for further proceedings in accordance with law and consistent with this opinion. Appellee's "motion to disregard appellant's new assignment of error" is denied.
DESHLER and BROWN, JJ., concur.
[1] Effective July 1, 2000, ODHS merged with the Ohio Bureau of Employment Services to form the Ohio Department of Job and Family Services.
[2] We note that in hearing an appeal from an administrative agency, the court of common pleas is confined to the record certified by the agency. Clark v. State Bd. of Registration for Professional Engineers and Surveyors (1997), 121 Ohio App.3d 278, 287; R.C. 119.12. As noted previously, the common pleas court considered evidence on the issue of notice that was not part of the record certified by the agency. However, because there was no hearing before the agency due to appellant's failure to request a hearing, additional evidence on the question of notice could properly be admitted by the common pleas court. In re Turner Nursing Home (Jan. 29, 1987), Franklin App. No. 86AP-767, unreported.