OPINION
Appellant, Shahrazan Abuzahrieh, appeals the March 23, 2001 judgment of the Franklin County Court of Common Pleas affirming the order of the Liquor Control Commission ("commission") revoking appellant's liquor license. For the following reasons, we affirm.
Appellant operated a small grocery store and carryout known as Sunshine Food Mart in Cleveland, Ohio. On January 21, 2001, Cleveland police officers sent two "explorers" into Sunshine Food Mart to purchase alcohol.[1] Marcus Smith, age fifteen, purchased a 16 ounce can of Colt 45 Malt Liquor and George Smith, age nineteen, purchased a 16 ounce bottle of Icehouse beer. The sales clerk, Jamil Abdoushii, made the sales to the minors without checking for proper identification. On February 4, 2000 and February 10, 2000, violation notices were issued to appellant for the sale and/or furnishing of beer to a person under the age of twenty-one, a violation of R.C. 4301.69.
A hearing was held before the commission on May 2, 2000, in which appellant did not appear. The commission issued its order on May 23, 2000, finding that appellant violated R.C. 4301.69, underage sales to minors, and revoked appellant's permit effective at noon on June 13, 2000. Appellant filed a motion for reconsideration. On June 8, 2000, the commission denied appellant's motion. Appellant subsequently filed a timely appeal of the commission's May 23, 2000 order and requested a stay of appellant's license revocation pending the appeal. On June 13, 2000, the trial court granted appellant's motion for stay. On March 23, 2001, the trial court affirmed the decision entry of the commission. It is from this judgment entry that appellant appeals, raising the following sole assignment of error:
 THE ORDER OF THE LIQUOR CONTROL COMMISSION WAS NOT SUPPORTED BY RELIABLE, PROBATIVE, AND SUBSTANTIAL EVIDENCE AND WAS NOT IN ACCORDANCE WITH LAW.
Appellant has appealed pursuant to R.C. 119.12. R.C. 119.12 provides the following standard of review for the common pleas court:
 The court may affirm the order of the agency complained of in the appeal if it finds, upon consideration of the entire record and such additional evidence as the court has admitted, that the order is supported by reliable, probative, and substantial evidence and is in accordance with law. In the absence of such a finding, it may reverse, vacate, or modify the order or make such other ruling as is supported by reliable, probative, and substantial evidence and is in accordance with law. * * *
In Lorain City Bd. of Edn. v. State Emp. Relations Bd. (1988),40 Ohio St.3d 257, 260-261, the Ohio Supreme Court set forth the following standard of review for an appellate court in reviewing a judgment of the trial court which determines an administrative appeal:
 In reviewing an order of an administrative agency, an appellate court's role is more limited than that of a trial court reviewing the same order. It is incumbent on the trial court to examine the evidence. Such is not the charge of the appellate court. The appellate court is to determine only if the trial court has abused its discretion. An abuse of discretion '"* * * implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency.'" State, ex rel. Commercial Lovelace Motor Freight, Inc., v. Lancaster (1986), 22 Ohio St.3d 191,193 * * *. Absent an abuse of discretion on the part of the trial court, a court of appeals must affirm the trial court's judgment. See Rohde v. Farmer (1970), 23 Ohio St.2d 82 * * *.
The fact that the court of appeals, or this court, might have arrived at a different conclusion than did the administrative agency is immaterial. Appellate courts must not substitute their judgment for those of an administrative agency or a trial court absent the approved criteria for doing so.
In Our Place, Inc. v Ohio Liquor Control Comm. (1992), 63 Ohio St.3d 570,571, the Ohio Supreme Court defined the evidence required by R.C. 119.12
as:
 (1) "Reliable" evidence is dependable; that is, it can be confidently trusted. In order to be reliable, there must be a reasonable probability that the evidence is true. (2) "Probative" evidence is evidence that tends to prove the issue in question; it must be relevant in determining the issue. (3) "Substantial" evidence is evidence with some weight; it must have importance and value.
Thus, this court's standard of review is limited to whether the trial court abused it discretion in finding the commission's order was supported by reliable, probative, and substantial evidence or that it was in accordance with law.
Appellant contends that service of the hearing notice was inadequate and violated his procedural due process rights. Appellant argues that even though notice of the hearing was sent by certified mail to his permit address, someone else who was not authorized to accept the certified mail signed the green receipt card. Therefore, appellant did not receive actual notice of the hearing and thus was not afforded the opportunity to be heard at the May 2, 2000 hearing. Appellant further contends that he did not make the sales to the minors, was not charged criminally, and did not have actual notice of the violation. Appellant's contentions are not well-taken.
Our review of the record indicates that the March 23, 2001 entry of the commission is supported by reliable, probative and substantial evidence. However, we must decide whether valid notice was given to appellant pursuant to R.C. 119.07, which requires that notice be given by registered mail, return receipt requested, informing the party of the right to a hearing.
Giving notice to the permit holder at his place of business where the permit is issued complies with R.C. 119.07, and with the due process requirements of the law. Tripodi v. Liquor Control Commission (1970),21 Ohio App.2d 110, paragraph three of the syllabus. "Where a notice is sent by registered mail, with a return receipt requested, and thereafter a signed receipt is returned, a prima facie case is established of the fact of delivery of such notice to such address." Id. at 112, citing Nunlist v. Motter (1947), 81 Ohio App. 506; 41 Ohio Jurisprudence 2d 62, Notice, Section 43.
In this case, registered mail was addressed to Shahrazan Abuzahrieh at 974-978 Parkwood, Cleveland, Ohio 44108, his place of business. The registered mail was served upon someone who was at appellant's place of business, who, in turn, signed the receipt. Appellant argues on appeal that this person was not authorized to accept and sign for certified mail service and, because the signature is not legible, service is inadequate and violates his due process rights. Appellant had the opportunity to rebut this evidence, but he failed to do so. Not only did appellant not attach an affidavit rebutting the presumption of proper notification in his motion to reconsider, he never raised the issue in his motion to reconsideration.[2] Furthermore, an illegible signature does not destroy the notice requirement proscribed in R.C. 119.07. Appellant failed to meet his burden in rebutting the presumption of proper notification. We hold that the mailing of the hearing notice to appellant's place of business is in compliance with R.C. 119.07 and with the due process requirements of the law. Tripodi, supra. Appellant's sole assignment of error is not well-taken and is overruled.
For the foregoing reasons, appellant's sole assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
PETREE and McCORMAC, JJ., concur.
McCORMAC, J., retired, of the Tenth Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.
[1] The minors were referred to as "explorers" in the record. The "explorers" work with the police and were sent into the establishment in response to complaints of underage sales.
[2] In his motion for reconsideration, the only issue appellant raised was that the minors looked older than they were.