OPINION
Appellant, New Co-Operative Company, appeals from a judgment of the Franklin County Court of Common Pleas affirming appellee's, Liquor Control Commission's, decision to dismiss appellant's appeal from an order refusing to renew appellant's liquor licenses.
Appellant was a holder of multiple liquor licenses in Steubenville, Ohio. On July 31, 1997, those licenses were placed into safekeeping at appellant's request pursuant to R.C. 4303.272. While in safekeeping, the licenses were renewed effective February 1, 1998. The following year, appellant attempted to renew its liquor licenses, effective February 1, 1999. However, pursuant to R.C. 4303.272, appellee rejected that request in an order mailed to appellant on December 9, 1999. The order also informed appellant that, should it desire to appeal that decision, it must file an appeal within thirty days of the mailing date of the order. The order was mailed to the person identified by appellant, Mary Pospisil ("Pospisil"), appellant's owner and officer, at the address provided by appellant, Post Office Box 607, Dillonvale, Ohio 43917. The certified mail receipt for that order was signed by a Peggy Grady ("Grady") on December 13, 1999.
More than thirty days after the mailing of the order, on or about May 3, 2000, appellant filed a notice of appeal from the order. Appellee then filed a motion to dismiss the appeal based on appellant's failure to timely file the appeal. In response, appellant submitted a memorandum in opposition in which it alleged by affidavit that neither Pospisil nor any authorized representative ever received the order and that Pospisil did not have any knowledge of the order until April 26, 2000. In addition, appellant argued that the thirty-day filing deadline should be enlarged due to the "good cause" exception found in Ohio Adm. Code 4301:1-1-65(B). Appellee's motion to dismiss for failure to timely file an appeal was granted by an order mailed July 20, 2000.
Appellant timely appealed that decision to the Franklin County Court of Common Pleas, which affirmed the decision to dismiss appellant's appeal for failure to timely file the appeal.
Appellant appeals, assigning the following error:
 THE COURT OF COMMON PLEAS ERRED WHEN IT FOUND THAT THE ORDER OF THE LIQUOR CONTROL COMMISSION WAS SUPPORTED BY RELIABLE, PROBATIVE AND SUBSTANTIAL EVIDENCE AND WAS IN ACCORDANCE WITH LAW.
This court's role in this case is to determine whether the common pleas court abused its discretion in affirming the administrative order. Rossford Exempted Village School Dist. Bd. of Edn. v. State Bd. of Edn. (1992), 63 Ohio St.3d 705, 707. Appellant's assignment of error alleges that she did not timely receive the order. When the sufficiency of service of process is at issue, the same abuse of discretion review applies. CH Investors, Inc. v. Liquor Control Comm. (1999), 10th Dist. No. 98AP-1519. Abuse of discretion has been defined as more than an error of law or judgment; it implies that the court's attitude was unreasonable, arbitrary or unconscionable. Strongsville Bd. of Edn. v. Zaino (2001), 92 Ohio St.3d 488, 490.
If a notice is sent by certified mail, return receipt requested, and thereafter a signed receipt is returned to the sender, a prima facie case of delivery to the addressee is established. Tripodi v. Liquor Control Comm. (1970), 21 Ohio App.2d 110, 112. Valid service of process is presumed when the envelope is received by any person at the defendant's address; the recipient need not be an agent of the defendant. Ohio Civ. Rights Comm. v. First Am. Properties, Inc. (1996), 113 Ohio App.3d 233,237; see, also, Oak Grove Manor, Inc. v. Ohio Dept. of Human Services (2001), 10th Dist. No. 01AP-71. In the case at bar, the certified mail receipt for the order was signed for and returned to appellee. Therefore, there is a presumption that valid service was completed.
However, this presumption of valid service is rebuttable by sufficient evidence demonstrating non-service. Grant v. Ivy (1980),69 Ohio App.2d 40, 42. In an attempt to rebut the presumption, appellant submitted a sworn affidavit from Pospisil stating, among other things, that she had never received the order. No other evidence was submitted. In determining whether appellant has sufficiently rebutted the presumption of valid service, the trial court may assess the credibility and competency of the submitted evidence of non-service. Taris v. Jordan (1996), 10th Dist. No. 95AP-1075; Friedman v. Kalail (2002), 9th
Dist. No. 20657. An affidavit, by itself, stating that appellant did not receive service, may not be sufficient to rebut the presumption without any other evidence of a failure of service. Oxley v. Zacks (2000), 10th
Dist. No. 00AP-247; Taris, supra.
Pospisil's affidavit attests that she did not receive or see the order and that she did not become aware of the order until on or about April 26, 2000. The affidavit further states that the order was not received or signed for by Pospisil's representative or by an officer or employee of appellant. Interestingly, this affidavit was notarized by Grady, the same person who signed for the order from Pospisil's post office box.
In reviewing Pospisil's affidavit, we do not believe the trial court abused its discretion in concluding that appellant did not overcome the presumption of valid service. First, and perhaps most importantly, the affidavit does not state that Grady was not authorized to sign for certified mail at the post office box. The trial court reasonably assumed that Grady had to have been authorized to sign for the mail because she had access to Pospisil's post office box. Pospisil's affidavit failed to address how Grady would have been in a position to sign for and receive the order from Pospisil's post office box if she was not authorized to do so. The affidavit also does not explain who Grady is or the nature of the relationship between her, appellant and Pospisil. This is relevant given the fact that it was Grady who notarized Pospisil's affidavit as well as signed for the order. In addition, there was no affidavit from Grady. Appellant, as evidenced by the notary signature, obviously could have contacted Grady and obtained an affidavit from her to explain why she signed for the order and whether she gave the order to Pospisil. Finally, Pospisil's affidavit states that no officer or employee of appellant signed for or received the order. It does not state that no agent or representative of appellant signed for or received the order. All of this calls into question the credibility of Pospisil's affidavit. Because of these concerns, we cannot say that the trial court abused its discretion in finding that appellant failed to rebut the presumption of valid service. Taris, supra; United Home Fed. v. Rhonehouse (1991), 76 Ohio App.3d 115, 125-126
(finding that affidavit submitted was not credible in light of other evidence); Oxley, supra.
While appellant contends that our decision in CH Investors, Inc., is determinative to this appeal, there is a significant distinction between the facts in that case and the present matter. In CH, certified mail service failed and the Liquor Control Commission attempted personal service. Such service was made on CH's premises to Stephen Boston, an alleged agent of CH. As we noted in that case, personal service requires actual delivery to the person to whom it is directed or to someone who is authorized to receive service. Id., citing Sears v. Weimer (1944), 143 Ohio St. 312, 315. Because of the lack of evidence in the record demonstrating that Boston was, in fact, an agent authorized to receive personal service on behalf of CH, we found that service was not adequate to comply with due process. Id.
However, in this case, certified mail was successful. In such a situation, a presumption arises that service is valid if any person at the address signs for the certified mail. Tripodi, supra. There is no requirement that appellee demonstrate the person who signed for the order was authorized to receive it, as would be the case if personal service was utilized. Valid service is presumed when there is a signed certified mail receipt. Accordingly, CH is not controlling. See, also, Oak Grove Manor, Inc., supra.
Because we find that the trial court did not abuse its discretion in finding the submitted affidavit insufficient to rebut the presumption of valid service, we also find no merit in appellant's argument that "good cause" existed pursuant to Ohio Adm. Code 4301:1-1-65(B). Accordingly, we overrule appellant's single assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BRYANT and DESHLER, JJ., concur.