ACCELERATED DOCKET JOURNAL ENTRY AND OPINION
This appeal is before the Court on the accelerated docket pursuant to App.R. 11.1 and Loc. App.R. 11.1. Hasan Jalisi appeals a judgment of the trial court denying his motion for relief from judgment. On appeal, he assigns the following errors for our review:
 I. THE TRIAL COURT LACKED JURISDICTION OVER THE APPELLANT AT THE TIME IT ENTERED A DEFAULT JUDGMENT AGAINST HIM AND, THEREFORE, ERRED IN OVERRULING THE APPELLANT'S 60(B) MOTION FOR RELIEF FROM JUDGMENT.
 II. THE TRIAL COURT ERRED BY FAILING TO CONDUCT AN EVIDENTIARY HEARING PRIOR TO OVERRULING THE APPELLANT'S MOTION TO VACATE THE DEFAULT JUDGMENT PREVIOUSLY ENTERED AGAINST HIM.
 III. THE TRIAL COURT ERRED IN DENYING THE APPELLANT'S MOTION FOR RELIEF FROM JUDGMENT ON THE BASIS THAT IT WAS NOT FILED WITHIN A REASONABLE TIME.
Having reviewed the arguments of the parties and the pertinent law, we affirm the judgment of the trial court. The apposite facts follow.
In 1995 Jalisi, a research doctor at the Cleveland Clinic Foundation (the Clinic) hired appellee Elfvin Besser, a Cleveland law firm, to represent him in an action against the Clinic for improper firing. Jalisi terminated his relationship with Elfvin Besser in 1997 and hired appellee Kaufman Cumberland, also a Cleveland law firm, to continue the case. Jalisi claims he sent Elfvin Besser final payment for their services on June 9, 1998 after negotiating an amount with Barbara Besser. The check was cashed and Jalisi claims he heard nothing further from the firm.
Upon hiring Kaufman Cumberland, Jalisi entered into a fee contract; he states the contract contained a forum clause, designating Maryland as the only state the parties could litigate an action that arose under the contract. Kaufman Cumberland denied the contract contained the clause. Kaufman Cumberland negotiated a settlement of Jalisi's case in 1998; he claims he has satisfied the legal fees stemming from the representation. Kaufman Cumberland maintain he had outstanding legal fees and in turn, filed a lawsuit against Jalisi on February 18, 2000, in the Common Pleas Court, Cuyahoga County, Ohio. The complaint alleged Jalisi owed Elfvin 
Besser $4,256.45 and Kaufman Cumberland $15,688.71, plus interest.
The docket indicates a copy of the complaint was sent to Jalisi by certified mail at 1010 St. Paul St., Apt. 4-D, Baltimore, Maryland, his last known address. The return receipt was signed by Karen Long on February 26, 2000. Neither party identifies Long or her relationship, if any, to Jalisi. However, at oral argument, Kaufman Cumberland stated she managed the apartment building and that Jalisi owned the building. The trial court deemed service to be perfected and allowed the action to continue. Jalisi failed to respond to the complaint and Kaufman 
Cumberland moved for default judgment. A hearing was scheduled for July 26, 2000; Jalisi maintained he did not receive notice of the hearing and drafted a letter to the trial court to indicate the same. Jalisi stated he has not been at that residence for four years; in his affidavit, he averred he was in receipt of a postcard * * * informing me that a default hearing has been scheduled * * * on July 26, 2000. He further stated the postcard was mailed to his old address. He requested a continuance of the default hearing and one was granted to August 29, 2000; he alleged he did not receive notice of this hearing and as a result, did not attend. The trial court granted default judgment.
Jalisi subsequently moved for relief from judgment a year later on August 28, 2001, claiming service had never been perfected and that Ohio courts were divested of jurisdiction pursuant to the forum clause in the fee agreement. In support of his motion, Jalisi attached a letter from Kaufman Cumberland which was sent to the 1010 St. Paul Street address in November 1997, a letter that he sent to Elfvin Besser with that address in March 1998, and a photocopy of a check with the same address. It was not until his correspondence in July and August 2000 that Jalisi used a different return address.[1] Despite his assertion that he had not been at the 1010 St. Paul Street address for four years, the dates of the correspondence prove this to be untrue; he had been residing at that address as late as 1998.
Jalisi also attached a copy of the fee contract which contained a forum clause, a copy of the complaint, a copy of the return receipt signed by Long, and his affidavit.
Kaufman Cumberland opposed the motion and attached a copy of a fee contract that did not contain a forum clause, a document indicating the amount owed to each law firm, an affidavit from Attorney Thomas Feher, a copy of the complaint, a representation agreement from Elfvin Besser, the motion for default judgment and an affidavit from Gosia Gruden, the accounts receivable supervisor from Kaufman Cumberland.
The trial court denied Jalisi's motion without a hearing because it was untimely, noting it had been filed 363 days after Jalisi received notice of the default hearing.
On appeal, Jalisi first argues the trial court lacked jurisdiction over him at the time it entered a default judgment. The question of whether an Ohio court had jurisdiction over Jalisi turns on two issues: whether a forum clause existed in the fee contract and whether service was perfected.
Regarding the fee contract, we note that both parties have submitted copies of a fee contract. The record contains two different versions; the copy submitted by Jalisi contains a forum clause located two spaces below the word Enclosure, and only his signature follows the clause. On the other hand, the version submitted by Kaufman Cumberland does not contain a forum clause, but contains one sentence indicating agreement to the terms of the contract. That sentence is located four spaces below the word Enclosure and only Jalisi's signature follows. Without the original contract, we are unable to determine whether it contained a forum clause and we decline to infer one existed.
It is well established that for a court to acquire jurisdiction over a party, there must be proper service of a summons and complaint or, on the other hand, the party must have entered an appearance, affirmatively waived service, or otherwise voluntarily submitted to the court's jurisdiction.[2] Regarding service of process, we note Civ.R. 4.3(B)(1) allows service of any process by certified or express mail evidenced by a return receipt signed by any person.
Accordingly, certified mail service under Civ.R. 4.3(B)(1) is valid where the envelope containing the documents to be served is delivered to a person other than the defendant, at the defendant's address. The Civil Rules do not require that delivery be restricted to the defendant or to a person authorized by appointment or by law to receive service of process for the defendant.[3] In Mitchell v. Mitchell, the court held * * * certified mail service under Civ.R. 4.3(B)(1) is valid where the envelope containing the documents to be served is delivered to a person other than the defendant, at the defendants' address.[4]
If a notice is sent by certified mail, return receipt requested, and thereafter a signed receipt is returned to the sender, a prima facie case of delivery to the addressee is established.[5] Valid service of process is presumed when the envelope is received by any person at the defendant's address; the recipient need not be an agent of the defendant.[6] In this case, the certified mail receipt was signed for and returned. Therefore, there is a presumption that valid service was completed.
However, this presumption is rebuttable by sufficient evidence demonstrating non-service.[7] Jalisi submitted his sworn affidavit in an attempt to rebut the presumption stating, among other things, that he never received a copy of the complaint. In determining whether Jalisi has sufficiently rebutted the presumption of valid service, the trial court may assess the credibility and competency of the submitted evidence of non-service.[8] An affidavit, by itself, stating that Jalisi did not receive service, may not be sufficient to rebut the presumption without any other evidence of failure of service.[9]
In this case, a certified letter containing a copy of the complaint was mailed to the last address Kaufman Cumberland knew Jalisi had resided. Additionally, we find Jalisi's assertion that he continues to be unaware of the proceedings against him or what is contained in the complaint disingenuous when he admitted receiving the postcard informing him of the first default hearing; he corresponded with the court on two occasions regarding the case against him, and as evidenced by the docket, responded to each and every pleading filed by Kaufman Cumberland in a timely manner, including the notice of appeal, which was filed within thirty days of judgment. It appears he received notice of the court's entries at some address, although he does not discuss that issue in his brief. Further, we note the file does not indicate to which address notice of the second hearing was sent. Also, we reiterate when the presumption of service is made, the burden is on the complaining party to show that he did not receive service. Jalisi failed to sustain his burden.[10]
Besides, Kaufman Cumberland is not required to demonstrate the person who signed for the complaint was authorized to receive it, as would be the case if personal service was utilized.[11]
In reviewing Jalisi's affidavit, we do not believe the trial court abused its discretion in concluding he did not overcome the presumption of valid service. The burden is clearly on Jalisi to rebut the presumption of good service. The trial court once faced with this issue concluded that Jalisi's affidavit in fact did not overcome the presumption. After reviewing the record, we conclude the trial court did not abuse its discretion in holding Jalisi had good service. Accordingly, this assignment of error is overruled. Jalisi next argues the court erred by failing to conduct a hearing on his motion for relief from judgment. We note the decision to grant a Civ.R. 60(B) motion for relief from judgment rests in the sound discretion of the trial court and may be upset on appeal only upon a showing of abuse of discretion.[12]
The term abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable.[13]
To prevail on a motion brought pursuant to Civ.R. 60(B), the movant must demonstrate that 1) the party has a meritorious defense or claim to present if relief is granted; 2) the party is entitled to relief under one of the grounds stated in the rule; and 3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1),(2) or (3), not more than one year after the judgment was entered.[14]
Jalisi moved for relief from judgment pursuant to Civ.R. 60(B)(3),(4), and (5), alleging Kaufman Cumberland defrauded the court by purposely submitting a copy of the fee contract devoid of a forum clause, and the judgment has been satisfied because he paid both law firms in full for their services, and for any other reason. However, Kaufman Cumberland deny these allegations. We conclude the trial court did not err in denying Jalisi's motion for relief from judgment without a hearing. First, we have already determined the question of whether a forum clause existed is unanswerable. Second, both law firms submitted invoices representing the monies owed. Third, since service was perfected in February 2000, Jalisi was put on notice of the case against him and should have moved for relief sooner than 363 days after the commencement of the action. Accordingly, Jalisi failed to meet any of the GTE factors. This assignment of error is overruled.
Jalisi also argues the court erred in denying his motion as untimely. Pursuant to our previous discussion, we likewise overrule this assignment of error and affirm the judgment of the trial court.
Judgment affirmed.
It is ordered that appellee recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and ANNE L. KILBANE, J., CONCUR.
[1] Jalisi lists his current address as 3120 St. Paul Street, Apt. 107C, Baltimore, Maryland.
[2] Maryhew v. Yova (1984), 11 Ohio St.3d 154, 156-157, 464 N.E.2d 538. See, also, State ex rel. Ballard v. O'Donnell (1990), 50 Ohio St.3d 182,183, 553 N.E.2d 650.
[3] Regional Airport Authority v. Swinehart (1980), 62 Ohio St.2d 403,406 N.E.2d 811.
[4] (1980), 64 Ohio St.2d 49, 413 N.E.2d 1182.
[5] New Co-Operative Co. v. Liquor Control Comm., Franklin App. No. 01AP-1124, 2002-Ohio-2244, citing Tripodi v. Liquor Control Comm. (1970), 21 Ohio App.2d 110, 255 N.E.2d 294.
[6] Ohio Civ. Rights Comm. v. First Am. Properties, Inc. (1997),113 Ohio App.3d 233, 680 N.E.2d 725.
[7] Grant v. Ivy (1980), 69 Ohio App.2d 40, 429 N.E.2d 1188.
[8] Taris v. Jordan, 1996 Ohio App. LEXIS 545 (Feb. 20, 1996), Franklin App. No. 95APE08-1075; Friedman v. Kalail, Summit App. No. 20657, 2002-Ohio-1501.
[9] Oxley v. Zacks, 2000 Ohio App. LEXIS 4500 (Sept. 29, 2000), Franklin App. No. 00AP-247.
[10] Grant, supra.
[11] New Co-Operative Co., supra.
[12] Benza Associates v. Lombardi, 1999 Ohio App. LEXIS 138 (Jan. 21, 1999), Cuyahoga App. No. 74418, citing Doddridge v. Fitzpatrick (1978), 53 Ohio St.2d 9, 371 N.E.2d 214.
[13] See Blakemore v. Blakemore (1983), 5 Ohio St.3d 217,450 N.E.2d 1140.
[14] GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146,351 N.E.2d 113.