GRANT, APPELLANT, *v.* IVY, APPELLEE.

(No. 80AP-278—Decided July 15, 1980.)

*Theodore R. Saker Co., L.P.A.,* and *Mr. Theodore R. Saker,* for appellant.

*Messrs. Beatty & Grier* and *Mr. Otto Beatty, Jr.,* for appellee.

WHITESIDE, J.   Plaintiff-appellant, Bob S. Grant, appeals from a judgment of the Franklin County Municipal Court and raises two assignments of error, as follows:

"1. The trial court erred in setting aside the judgment.

"2. The trial court erred in entertaining the motion to set aside the judgment."

Defendant-appellee, Leroy Ivy, has failed to file a brief herein, so that this appeal must be determined solely upon the brief of plaintiff and the record on appeal.

With respect to the first assignment of error, plaintiff's brief indicates that the complaint was filed on August 21, 1978, that attempted service by certified mail was returned, and that service was made by ordinary mail on September 15, 1978. Defendant having failed to file an answer, a default judgment was entered on November 15, 1978. The default judgment was set aside by "order" entered February 7, 1980, from which this appeal is taken.

As to the original judgment, the only indication thereof is a stamp on the "half sheet," to the left of which appears the stamped date "November 15, 1978," and the handwritten name "Johnson," and to the right of which appears the handwritten date "9/12/79," under which are some initials which are not legible. No party, however, has contended that there has not been a judgment entered in accordance with Civ. R. 58, even though, under the date of December 4, 1978, there appears, on the "half sheet," the stamped notation "case dismissed at Plaintiff's costs." This notation appears immediately following a reference providing some indication of a judgment debtor's hearing to be held on December 8, 1978. Nothing further occurs on the "half sheet" until November 30, 1979, when an affidavit in aid of execution was filed.

In any event, on January 7, 1980, defendant filed a motion to vacate judgment supported by an affidavit. The record reflects that no contra affidavit or evidence was submitted by plaintiff. In the affidavit, defendant states, under oath, that he has been a resident of apartment 405 at 1253 Mt. Vernon Avenue since 1965 and that his name has been listed in the

telephone directory at that address since 1965. The defendant further states, under oath, that he has never lived at 1215 Mt. Vernon Avenue and that he never received any summons or notice of any kind with respect to the filing of this case.

The record further reflects that the address given for defendant on the complaint and the address to which all attempts at service by mail were addressed was 1215 Mt. Vernon Avenue.

Plaintiff's only ground raised in opposition to the motion to vacate was that the motion had not been timely filed since more than one year had elapsed since the entering of the judgment.

Predicated upon the foregoing, the trial court made the following notation on the "half sheet" on February 7, 1980:

"Motion to vacate sustained. Judgment void ab initio due to the fact Defendant never received service. Testimony taken—case dismissed."

Under these circumstances, we find no error in the proceedings of the trial court as contended by the first assignment of error. The record on appeal does not include a transcript of proceedings so we must assume that the only evidence before the trial court was the affidavit submitted in support of the motion to vacate. That affidavit very clearly indicates that no service was ever effected upon defendant.

While ordinary mail service following unsuccessful certified mail service is sufficient to vest jurisdiction in the court pursuant to Civ. R. 4.6(D) where the ordinary mail envelope is not returned indicating failure of delivery, there is an exception to this general rule. In other words, there is a presumption of proper service under such circumstances, but such presumption is rebuttable by sufficient evidence. To be valid service, the ordinary mail service following an unsuccessful attempt at certified mail service must have been sent to the address of the defendant or at least to an address where there is a reasonable expectation that it will be delivered to the defendant. Although Civ. R. 4.1 and 4.6 require the clerk to send the ordinary or certified mail envelope addressed to defendant at the address set forth in the caption of the complaint or set forth by special instructions given in writing to the clerk, plaintiff must use, in such caption or instructions, an address for defendant at which it could reasonably be expected he

would receive mail addressed to him. In addition, Civ. R. 10(A) requires the complaint to include the name and address of the defendant.

From the evidence in the file before us in this case, it appears that an incorrect address was used for defendant in the complaint. According to defendant's affidavit, he has never lived at 1215 Mt. Vernon Avenue, the address used in the complaint and to which all attempts at service were mailed; rather, defendant has at all times, relevant herein, resided at 1253 Mt. Vernon Avenue. Under these circumstances, there could be no reasonable expectation that defendant would receive mail addressed to him at 1215 Mt. Vernon Avenue, an address at which he had never lived. At least, nothing in the record indicates any basis for a reasonable anticipation of the delivery of mail with that address to defendant.

Defendant's statement in his affidavit that he had no actual notice of the case or of service of process is left unchallenged. Under these circumstances, the trial court did not abuse its discretion in finding that service was *void ab initio*. The presumption of service was overcome by defendant's affidavit which was accepted by the trial court, leaving this case in the posture that the court had no personal jurisdiction over defendant, inasmuch as there had never been any service of summons upon him. Accordingly, the trial court did not abuse its discretion in granting the motion for relief from judgment. The first assignment of error is not well taken.

By the second assignment of error, plaintiff contends that the motion for relief from judgment was not timely filed. Likewise, there is no indication of merit to this contention. While the motion was filed more than one year after the judgment apparently was entered, the motion was not founded upon Civ. R. 60(B)(1), (2) or (3). Rather, the motion obviously was predicated upon Civ. R. 60(B)(5), "any other reason justifying relief from the judgment." The justification for relief from judgment was not mistake, inadvertence, surprise, excusable neglect, newly discovered evidence or misconduct of an adverse party. Rather, the ground for the relief from judgment was lack of personal jurisdiction over defendant because of the failure of service of summons. While even under these circumstances the motion for relief from judgment must be made within a reasonable time, there is nothing in the record

before us indicating to the contrary. Every attempt at notice or service appearing in the record was addressed to 1215 Mt. Vernon Avenue, an address at which defendant had never lived and at which there is no basis in the record for finding any reasonable expection of delivery of notice to defendant. We find no abuse of discretion on the part of the trial court in finding that, under the circumstances involved, the motion for relief was made within a reasonable time as required by Civ. R. 60(B).

Basically, the problem is that the attempted service of summons and all attempted notices were sent to the wrong address, for whatever reason. This address is one with which defendant apparently has no connection. At least, there is no evidence in the record indicating any possible connection between defendant and the address to which attempts at service and notice were sent. Accordingly, the second assignment of error is not well taken.

For the foregoing reasons both assignments of error are overruled, and the judgment of the Franklin County Municipal Court is affirmed.

*Judgment affirmed.*

McCORMAC and MOYER, JJ., concur.