DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
The appellant, Salone International, Inc., appeals from the decisions of the Wayne County Court of Common Pleas denying the appellant's motion for relief from judgment and denying his motion for a stay of execution. We affirm.
The plaintiff-appellee, Classic Imports, Inc., filed a complaint against the appellant for monies owed on two accounts for goods purchased by the appellant during 1991, 1992, and 1993. On August 19, 1996, the appellee moved for summary judgment. The appellant failed to file a response by the September 5 cut-off date that was set by the court. The trial court granted the appellee a continuance until October 7 to file its response to the motion for summary judgment. Again, the appellant failed to file its response by the deadline. On October 9, 1996, the trial court granted summary judgment in favor of the appellee, finding that the appellant owed a total of $8,094.48 plus ten-percent per annum interest. The appellant did not appeal this final order.
On January 23, 1997, the appellant filed a Civ.R. 60(B)(1) motion for relief from judgment based upon excusable neglect. The appellant claimed that it was entitled to relief because it had filed a response to the motion for summary judgment on October 8th, only one day late. The appellant did not set forth any reasons why it was unable to file its response on time, or why it waited three and one-half months before filing its motion for relief from judgment. On February 11, 1997, the trial court denied the motion. The appellant did not appeal the denial of its 60(B) motion within the requisite thirty-day time period. See App.R. 4(A).
The appellee initiated garnishment proceedings to collect the money owed. On February 25, the appellant filed a motion to stay execution. The trial court denied this motion for a stay on February 26. In denying the stay, the trial court noted that it had already denied the Civ.R. 60(B) motion on February 11. On March 24, 1997, the appellant timely filed a notice of appeal "from the final judgment entered in this action on February 26, 1997." However, when the appellant submitted its brief, it did not address the February 26 denial of stay of execution. The three assignments of error related only to the February 11 denial of relief from judgment, and to the October 9 decision granting summary judgment.
The appellee moved to dismiss the appeal because the issues raised had not been timely appealed. This Court denied the motion to dismiss, but ordered the appellant to show cause by August 22, why the appeal should not be dismissed as untimely. On August 25, the appellant responded to the show cause order and indicated that it was entitled to additional time to appeal the denial of its 60(B) motion because service had not been made within the three-day period required by Civ.R. 58(B).[1] Although the record shows that the order was journalized and mailed to the parties on February 11, 1997, counsel for the appellant maintains that he did not learn of the denial until the week of February 23, 1997. This Court then issued the following journal entry on September 30:
 Based on [the appellant's] response, this Court will not, at this point, dismiss the appeal as untimely. The parties are free to submit supplemental briefs on the issue of timeliness. * * * Appellant's notice of appeal currently indicates that appellant is appealing only from the trial court's order of February 26, 1997. If appellant wishes to appeal from the trial court's order of February 11, 1997, instead of or in addition to the February 26, 1997, order it must amend its notice of appeal to so indicate.
(Emphasis added.)
The appellant did not amend its notice of appeal. If the appellant had done so, then this Court could have made a determination as to whether or not the circumstances herein warranted a tolling of the time for appeal pursuant to App.R. 4(A) and Civ.R. 58(B). The appellant is now precluded from raising any issues on appeal pertaining to the denial of its Civ.R. 60(B) motion, because no timely appeal was filed from this judgment entry.
The only matter before this Court is the appeal from the February 26, 1997 denial of a stay of execution. However, none of the appellant's assignments of error raises issues germane to this order. All of the issues raised by the appellant pertain to issues arising out of the denial of its Civ.R. 60(B) motion or the original judgment entry. Because those issues have not been timely appealed and are not properly before this Court, the appellant's three assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Wayne Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ LYNN C. SLABY
FOR THE COURT
BAIRD, J.
QUILLIN, J.
CONCUR.
[1] Civ.R. 58(B) requires that "[w]ithin three days of entering the judgment upon the journal, the clerk shall serve the parties in a manner prescribed by Civ.R. 5(B) and note the service in the appearance docket. Upon serving the notice and notation of the serve in the appearance docket, the service is complete. The failure of the clerk to service notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App.R. 4(A)."
App.R. 4(A) states: "[a] party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure."
Note, that in cases where the civil rules on service are followed, there is a rebuttable presumption of proper service.Grant v. Ivy (1980), 69 Ohio App.2d 40.