OPINION
Defendant-appellant, Randall Winn ("Winn"), appeals a November 22, 1999 judgment of the Franklin County Court of Common Pleas raising the following assignment of error:
 The trial court committed erred [sic] by failing to grant defendant, M. Randall Winn's motion for relief from, or to vacate, judgment and motion of defendant, M. Randall Winn, to vacate entry confirming sale.
On or about December 11, 1986, Winn obtained a loan from plaintiff Bank One in the amount of $110,800. Winn used the proceeds of this loan to purchase his home at 6796 Heathview Drive in Worthington, Ohio. Winn's note, and the accompanying first mortgage, were later assigned to defendant Federal Home Loan Mortgage Corporation ("FHLMC").
Approximately five years later, Winn obtained a home equity line of credit from the plaintiff in the amount of $35,000. Although he initially began making payments on this line of credit, Winn maintains that he became confused when he allegedly found two accounts under his name on the internet. By his own testimony, Winn admits that he ceased making payments on his line of credit in April 1998, while he awaited a clarification from the plaintiff. In the meantime, Winn continued to receive monthly statements from the plaintiff as his balance became due.
As a result of the Winn's failure to continue payments, plaintiff initiated this foreclosure action on February 8, 1999. At that time, FHLMC still held a first mortgage on Winn's home in the approximate amount of $96,000. In addition, defendant, State of Ohio, Department of Taxation, held a valid tax lien on the premises in the approximate amount of $5,000, and defendant, United States of America, also held a tax lien amounting to almost $290,000.
Winn failed to move or plead in response to the plaintiff's complaint, and on May 6, 1999, plaintiff was granted default judgment by the trial court. An order of sale was issued, notice was posted, and on August 13, 1999, Winn's residence was sold at a Franklin County Sheriff's sale. An entry confirming the sale of the property to Repo, Inc., and the distribution of proceeds to Winn's creditors was filed on October 8, 1999.
On October 22, 1999, Repo, Inc., filed a praecipe for a writ of possession requesting the court to authorize the sheriff to remove Winn from the premises. Immediately thereafter, Winn obtained counsel and moved the trial court to vacate the default judgment, and set aside the sale, on the grounds that he was not served with the plaintiff's complaint. The court then issued a temporary restraining order conditioned upon Winn's posting of a $50,000 bond. However, that bond was never posted.
Winn's motion for relief from judgment came before the trial court on November 9, 1999, at which time the court took testimony, received exhibits, and heard the arguments offered by counsel. In a written decision issued on November 22, 1999, the court found that Winn had been properly served. Accordingly, it denied Winn's motion to vacate, after which Winn initiated this appeal.
The issue before the court is a simple one has Winn come forward with evidence sufficient to rebut the presumption of service which arises under Civ.R. 4.6. Civ.R. 4.1 requires plaintiffs to first attempt service of process by certified mail. In this case, the record shows that the plaintiff s complaint was sent by certified mail and that notice of the mailing was delivered to Winn's residence on February 11, February 16, and February 26, 1999. Despite notice, Winn failed to claim the certified mail which was later returned by the postal authorities as unclaimed.
Plaintiff then served a copy of the summons and complaint upon Winn by ordinary first class mail. Civ.R. 4.6(D) provides:
 If a certified or express mail envelope is returned with an endorsement showing that the envelope was unclaimed, the clerk shall forthwith notify, by mail, the attorney of record or, if there is no attorney of record, the party at whose instance process was issued. If the attorney, or serving party, after notification by the clerk, files with the clerk a written request for ordinary mail service, the clerk shall send by ordinary mail a copy of the summons and complaint or other document to be served to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk. The mailing shall be evidenced by a certificate of mailing which shall be completed and filed by the clerk. * * * Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery. * * *
Pursuant to Civ.R. 4.6(D), service is presumed complete when the certificate of mailing is entered in the record, so long as the envelope containing the service is not returned and, further, so long as service was sent to the defendant's address, or to an address where there is a reasonable expectation that service will be delivered to the defendant. Taris v. Jordan
(Feb. 20, 1996), Franklin App. No. 95APE08-1075, unreported. In this case, plaintiff served the defendant by ordinary mail on March 29, 1999. This mailing was sent by the court to the defendant's admitted residence and was not returned. Thus, the trial court correctly found that a presumption of valid and effective service arises. Id. The trial court also correctly noted that this presumption may be rebutted, provided the defendant is able to come forward with sufficient evidence showing that service failed. Id. citing Grant v. Ivy (1980), 69 Ohio App.2d 40,42.
At the November 9, 1999 hearing on his motion for relief, Winn claimed that he did not receive a single piece of correspondence regarding this action, and despite his failure to make payments to the plaintiff for over eighteen months, had no idea that any foreclosure proceedings had been initiated. The court found Winn to be untruthful in his testimony, explaining:
 [Winn] testified that he retrieved his mail from the post office sometime in May and on August 30th and that there were absolutely no notices from the Court or the other parties regarding this lawsuit.
 To further buttress his affidavit, Defendant Winn testified that he is an educated man who understands the legal significance of service of process. He further stated that by virtue of his having defended the prior lawsuit filed by FHLMC, he has demonstrated that he knows what to do when he is served with a lawsuit. Additionally, he stated that at all times he has paid on his mortgage with FHLMC, and furthermore has made repairs to his house. Specifically, he had the roof replaced in September and the carpets cleaned in October.
 Bank One, FHLMC, and Repo, Inc. presented the following evidence to controvert Defendant Winn's claim. Certified mail notices were sent to Defendant Winn's address on February 11, 16, and 26. Ordinary mail was sent on March 24, and 30. FHLMC mailed a copy of its Answer and Cross-Claim to Defendant Winn on March 2, 1999. The State of Ohio, Department of Taxation mailed its Answer to Defendant Winn on March 5, 1999. On April 6, 1999, the United States of America also mailed its Answer to Defendant Winn. On April 21, 1999, Bank One mailed its Motion for Default Judgment, and on July 15, 1999, it mailed a Notice of Sheriff's Sale to Defendant Winn. Therefore, at least ten correspondences were sent to Defendant Winn regarding this action, yet he claims to have received none of them.
 Additionally, Lee Wallen, a representative of Repo, Inc. testified that he left his business card, upon which he had handwritten that he had purchased the property, on Defendant Winn's from door on August 13, 1999. He also called Defendant Winn and left him a message to that effect on August 15 and 29. However, Defendant Winn testified that he never checked his answering machine messages. He further stated that, although a friend was staying at his residence during that time, his friend entered the house through the garage door and not the front door.
 Defendant Winn was cross-examined as to whether he had not received any other mail that was to be held by the Post Office. He testified that the Court notices were not the only pieces of mail that he had not received, but he could not name any specific item that was lost. He further testified that he received his utility bills and monthly bank statements. He also was cross-examined with regards to an IRS tax lien of $288,000 upon his property. He stated that he had a defense to that action as he had never received any notice from the IRS concerning unpaid taxes.
 Upon review of the testimony, the Court finds that sufficient evidence of service upon Defendant Winn has been set forth by the non-moving parties to controvert his affidavit. It is simply not credible that Defendant Winn never received any of the numerous correspondences regarding this matter when none of them have been returned as undeliverable. His testimony might be more believable if he had asserted that he did not receive only Bank One's Complaint; however, Defendant Winn would have this Court believe that every single letter pertaining to this action was misplaced or lost by the Post Office. * * *
On appeal, Winn specifically states that he does not challenge the trial court's factual finding that he received summons and the plaintiff's complaint by ordinary mail. Instead, Winn seizes upon the court's alleged "finding" that he was out of town between February 1, 1999, and May 10, 1999, and from that point, argues that it was impossible for the plaintiff to have served him because he was not at home to read his mail.
While Winn's alleged failure to check his mail for over three months might go to the issue of excusable neglect, Winn has failed to come forward with any authority for the proposition that he cannot be served as a result of his failure to attend to his affairs. As noted by the trial court, Winn is an educated man. Although Winn has a Ph.D., and is the CEO of a purportedly successful consulting company which helps nonprofit organizations raise and manage money, he would have this court believe that he almost completely neglects his personal affairs.
For example, Winn testified that his work routinely takes him out of town for extended periods of time; however, Winn claims that he makes no effort whatsoever to receive or review his mail while away from home. Winn also claimed that he failed to receive a single piece of mail relating to this litigation, including: any of the three notices for certified mail; ordinary mail service of plaintiff's complaint; service of FHLMC's cross-claim and answer; answers of the State of Ohio and the United States; and plaintiff's motion for default judgment. Winn also claims that he did not receive any foreclosure notice, nothing from the trial court, nothing from the plaintiff's law firm, nothing from the Sheriff's Office, and none of the messages or business cards left by Repo, Inc. While all of these claims do not touch directly upon the issue of service, they do all shed light upon Winn's veracity and the credibility of his testimony.
However, even if Winn's testimony was worthy of belief, the issue of excusable neglect was not before the trial court and is not before this court on appeal. In this case, the plaintiff properly served Winn in accordance with the civil rules. In harmony with those rules and the case law of this state, a presumption of valid service arose. Winn was given a full and fair opportunity to rebut this presumption. According to the trial court, however, Winn's testimony that he failed to receive service was not worthy of belief. Winn has not challenged this finding on appeal, nor has he come forward with any authority for the proposition that an individual can avoid or postpone service by voluntarily neglecting to check his or her mail.
Having found no error in the trial court's decision or analysis, Winn's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.
BROWN and TYACK, JJ., concur.