OPINION
Gary Akbar appeals from the judgment of the trial court awarding National City Bank $27,197.39.
On March 13, 2001, National City filed its complaint alleging that Akbar had leased a 1998 Infiniti on February 26, 1998 for four years from National City and he was in default for payment on the lease in the amount of $27,197.39.
National City instructed the Montgomery County Clerk to serve Akbar by certified mail at 3502 Germantown Street in Dayton. On March 26, 2001, the Clerk notified National City that the certified mail service went unclaimed by Akbar. National City then requested the Clerk serve Akbar by regular mail which was accomplished on April 11, 2001.
On June 5, 2001 National City moved for a default judgment and counsel certified he served a copy of the motion to Akbar at the Germantown Street address. The trial court granted the default judgment on the same day as the motion was filed. On July 3, 2001, Akbar filed his appeal in this matter.
In his appeal, Akbar contends the files indicate his son was served with the complaint but he was not. He also contends his payments on the lease are current under the lease agreement alleged in the complaint.
National City contends the trial court properly granted the default judgment because it served Akbar first by certified mail which went unclaimed and then by ordinary mail which was not returned. National City contends service on Akbar was accomplished pursuant to Civ.R. 4.6(D).
Akbar claims the files indicate service was made on his son, Gary N. Akbar, Jr. The court file indicates certified mail service was addressed to a Gary N. Akbar and so was the ordinary mail. If Mr. Akbar's son opened his father's ordinary mail without informing him of the letter, it is no fault of National City.
Civ.R. 4.3 requires that service of process first be attempted by certified mail. If a certified mail envelope is returned with an endorsement showing that the envelope was unclaimed, Civ.R. 4.6(D) states "the clerk shall forthwith notify, by mail, the attorney of record or if there is no attorney of record, the party at whose instance process was issued." Under this rule, service by ordinary mail is then considered proper as long as the ordinary mail envelope is not returned undelivered. See, Grant v. Ivy (1980), 69 Ohio App.2d 40.
"Due process requires that notice be reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objection." In re Foreclosure of Liens for Delinquent Taxes (1980), 62 Ohio St.2d 333. Compliance with Civ.R. 4.6(D) raises the presumption of proper service. Grant v. Ivy, supra.
The appellant's assignment of error must be overruled. The judgment of the trial court is Affirmed.
WOLFF, P.J., and YOUNG, J., concur.