OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of the Cincinnati Insurance Company ("CIC"), filed May 4, 2005. On December 21, 2001, Appellee William Lafitte, Jr. was involved in an automobile accident with CIC's insured, Kevin Irwin, in Dayton, Ohio. CIC paid to or on behalf of Irwin $8,775.09, and it commenced a subrogation action against Lafitte on December 10, 2003, in Dayton Municipal Court.
 {¶ 2} CIC initially attempted service upon Lafitte by certified mail on December 11, 2003, but the mail was not claimed by Lafitte. CIC next attempted service of the summons and complaint through ordinary mail on January 22, 2004. The ordinary mail service was never returned, and Lafitte did not file an answer. CIC moved for a default judgment, and the trial court sustained CIC's motion on April 12, 2004, entering judgment against Lafitte in the amount of $8,775.09, plus costs.
 {¶ 3} On March 16, 2005, Lafitte moved the trial court to set aside the default judgment, arguing that he was not properly served with process and accordingly not within the trial court's jurisdiction. He attached an affidavit to his motion stating that he had never been served. CIC requested an evidentiary hearing in response. The trial court issued an order vacating the default judgment, and it did not hold an evidentiary hearing.
 {¶ 4} CIC's sole assignment of error is as follows:
 {¶ 5} "IT WAS AN ABUSE OF DISCRETION AND ERROR FOR THE TRIAL COURT TO VACATE THE DEFAULT JUDGMENT, BEFORE HOLDING AN EVIDENTIARY HEARING, ON THE GROUND THAT SAID DEFAULT JUDGMENT WAS VOID DUE TO FAILURE OF PROPER SERVICE OF THE SUMMONS AND COMPLAINT UPON DEFENDANT-APPELLEE."
 {¶ 6} A serving party must have a "reasonable expectation" that the party being served will receive mail at the address to which the mail is sent. Grant v. Ivy (1980), 69 Ohio App.2d 40,42. Civ. R. 4.6(D) provides that, "[i]f a certified mail envelope is returned with an endorsement showing that the envelope was unclaimed, the clerk shall forthwith notify, by mail, the attorney of record * * *. If the attorney, * * * after notification by the clerk, files with the clerk a written request for ordinary mail service, the clerk shall send by ordinary mail a copy of the summons and complaint * * * to the defendant at the address set forth in the caption, or at the address set forth in written instructions furnished to the clerk. * * * Service shall be deemed complete when the fact of mailing is entered of record, provided that the ordinary mail envelope is not returned by the postal authorities with an endorsement showing failure of delivery."
 {¶ 7} The trial court's docket reveals that CIC complied with Civ.R. 4.6(D). "The courts are apparently split as to the effect of a defendant's affidavit that, although the Civil Rules were complied with, he or she never actually received service of process." Ohio Civil Rights Commission v. First AmericanProperties, Inc. (1996), 113 Ohio App.3d 233, 680 N.E.2d 725. Some courts hold that "an uncontroverted affidavit, alone, is sufficient to require a default judgment to be found void ab initio." Id., citing Raffalski v. Oates (1984),17 Ohio App.3d 251, 522 N.E.2d 1096; Grant v. Ivy (1980), 69 Ohio App.2d 40,429 N.E.2d 1188.
 {¶ 8} "The rationale for this position is that there is a preference for cases to be decided on their merits when possible." Id. In Rafalski and Grant, "service of process was sent to an address other than the defendant's." Id. In Sec.Nat'l. Bank Trust Co. v. Murphy (July 20, 1989), Clark App. No. 2552, we concluded that when process was sent to a defendant at the defendant's correct address, and the defendant has only his self-serving testimony that he did not receive service of process, "a trial court is not required to find that the presumption of service of process has been satisfactorily rebutted." "The trial court must still hold an evidentiary hearing on the matter, but the trial court may properly find that the defendant's testimony that he did not receive service of process is not credible." Ohio Civil Rights Commission, at 238. Since the trial court failed to hold an evidentiary hearing herein, CIC's sole assignment of error is sustained, and this matter is reversed and remanded for an evidentiary hearing on whether CIC effected service of process upon Lafitte. Judgment reversed and remanded.
Grady, P.J. and Fain, J., concur.