DECISION AND JUDGMENT ENTRY
{¶ 1} Jason Farley ("Farley") appeals the judgment of the Lawrence County Court of Common Pleas granting the state's motion for summary judgment upon its complaint for foreclosure. First, Farley contends that the trial court erred in granting summary judgment to the state when genuine issues of fact existed. We agree because, construing the evidence most strongly in Farley's favor, we find that the state failed to meet its burden of demonstrating that it perfected its judgment lien on March 21, 2000. Next, Farley contends that the foreclosure of the alleged judgment lien constituted an excessive and, therefore, unconstitutional fine. Because we find that even if Farley had raised the issue below, the very essence of our system of judgment liens contemplates that a judgment lien attaches to the interest of the debtor and is effective as against a subsequent purchaser who has actual or constructive notice of the lien, we disagree. Next, Farley contends that the trial court erred by considering and granting the state's motion for summary judgment when that motion was filed during the pendency of one of his previous appeals, and where the state failed to serve a copy of the motion upon him. Because we find that the trial court took no action to rule upon the state's motion until after we issued our judgment in the prior appeal, and because Farley has not suffered prejudice as a result of the state's alleged failure to serve a copy of the motion upon him, we disagree. Finally, Farley contends that the trial court erred in summarily dismissing his cross-complaint. Because we find that the trial court had the discretion to dismiss Farley's cross-complaint because it was untimely filed, we disagree. Accordingly, we affirm the trial court's judgment in part, reverse it in part, and remand this cause for further proceedings consistent with this decision.
 I. {¶ 2} On May 27, 2004, the state filed a complaint to foreclose a judgment lien on land. The complaint named the following as defendants: Roger Farley; Jason Farley; the Farley's unknown spouses, if any; the Lawrence County Treasurer; the Lawrence County Auditor; and John Does one through five. The complaint sought to foreclose a judgment lien upon certain real estate known as parcel numbers 24-047-1300, and 24-047-1400, located at 532 Rockwood Avenue, Chesapeake, Ohio 45619, and more particularly described as:
Situated in the Township of Union, in the County of Lawrence and State of Ohio. PARCEL ONE: Being in the town of Rockwood now known as Chesapeake, to-wit: Lots Number Seven (7) of R.M. Eaton's Addition to Rockwood and for further description reference is had to the Recorders' Plat of said Addition. And being the same property that was conveyed to the said O.C. and Rose V. Reck, by Ruth Williams and Hartley Williams, by deed bearing date the 2nd day of November, 1944, and recorded in office of the Recorder of Lawrence County, Ohio in Deed Book No. 171, at Page 668, to which deed reference is hereby made.
PARCEL NO. 24-047-1300
PARCEL TWO: The west half of vacated Cliff Street being 30 feet by 300 feet was shown in Plat Book 5, Page 266-268. Being Court of Common Pleas of Lawrence County, Ohio Court Order in case number 39336.
PARCEL NO. 24-047-1400
 {¶ 3} The judgment upon which the state sought to foreclose arose from a $13,750 fine imposed upon Farley's father, Roger Farley ("Roger"), in criminal case number 99-CR-82. In its complaint, the state alleged that on March 21, 2000, the March 14, 2000 judgment entry in that case was filed with the Lawrence County Clerk of Courts as a certificate of judgment, which was duly filed of record in Judgment Docket 19, page 396. The state further alleged that, by operation of law, the judgment attached to all property owned by Roger at that time, including the property at issue. The state represented that after its judgment attached to the subject property, Roger conveyed the subject real property to Farley by a deed, dated September 28, 2001, and recorded by the Lawrence County Recorder's office on February 8, 2002.
 {¶ 4} Roger moved the court to dismiss the complaint against him pursuant to Civ.R. 12(B)(6) because he no longer had any interest in the real property that was the subject matter of the foreclosure action, and the trial court granted his motion.
 {¶ 5} Farley also moved the court to dismiss the complaint against him pursuant to Civ.R. 12(B)(6), claiming that he received the deed to the property free, clear and unencumbered because: (1) no memorial of the judgment was entered upon the register of the last certificate of title of the land to be affected under R.C. 2329.02; and (2) he had no connection to the fines imposed upon his father in the criminal case.
 {¶ 6} The trial court denied Farley's motion to dismiss, and Farley appealed in State ex rel. Collier v. Farley, Lawrence App. No. 04CA30 ("Farley I"). We dismissed the appeal on the ground that the trial court's decision was not a final appealable order and, therefore, we had no jurisdiction to hear it.
 {¶ 7} While Farley I was pending before this court, the state filed a motion for summary judgment. After we dismissedFarley I, the state filed a request for a hearing on its motion. Farley never filed a memorandum contra the state's motion for summary judgment. However, before hearing on the state's motion, Farley filed a "Cross Complaint for Negligence Omission/Dereliction (sic) of Statutory duty" against: J.B. Collier, Jr., Lawrence County Prosecutor; Ray T. Dutey, Lawrence County Auditor; Dale Burcham, Lawrence County Clerk of Courts; Name Unknown, John Doe 1, Lawrence County Recorder; and "Any other County official/hereto, unknown at this time."
 {¶ 8} Although Farley did not file a written memorandum contra the state's motion for summary judgment, the court did conduct a hearing upon the motion, at which Farley appeared and argued, in essence, that when he purchased the property from his father: (1) there was not a valid lien on the property; and (2) if there was a lien, he had no notice of it.[1] The court granted the state's motion for summary judgment against all defendants.
 {¶ 9} Farley appealed in State ex rel. Collier v. Farley,
Lawrence App. No. 05-CA-4, 2005-Ohio-4204 ("Farley II"). Because the trial court failed to dispose of Farley's cross-complaint, we dismissed his appeal in Farley II for lack of a final appealable order.
 {¶ 10} On September 25, 2005, the trial court issued a judgment entry finding that no genuine issue of material fact existed and granting the state's motion for summary judgment. Accordingly, the order specified that, unless the judgment was paid within three days of the date of the entry, Farley's equity of redemption would be foreclosed and the real property sold. Additionally, the court found that Farley's cross-complaint failed to state a cause of action against any party upon which relief can be granted. Therefore, the court struck and dismissed Farley's cross-complaint.
 {¶ 11} Farley now appeals, raising the following assignments of error: I. "THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT TO THE PLAINTIFF APPELLEE AS THERE EXISTED GENUINE ISSUES OF MATERIAL FACTS: THE MOVANT WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW AND THE APPELLANT WAS NOT ENTITLED TO HAVE THE EVIDENCE CONSTRUED MOST STRONGLY IN HIS FAVOR." II. "THE FORECLOSURE OF THE ALLEGED JUDGMENT LIEN ON LAND WAS AN EXCESSIVE FINE PROHIBITED BY THE U.S. CONST. AMEND 8 AND OHIO CONST. ART. I
§ 15." III. "THE TRIAL COURT ERRED IN GRANTING A MOTION FOR SUMMARY JUDGMENT THAT HAD BEEN FILED DURING THE PENDENCY OF AN APPEAL TO THIS COURT AND ERRED IN NOT ORDERING THE PLAINTIFF TO SERVE A COPY OF THE MOTION ON THE DEFENDANT." IV. "THE TRIAL COURT ERRED IN SUMMARILY DISMISSING APPELLANT'S CROSS COMPLAINT AGAINST ALL NAMED AND UNNAMED DEFENDANTS."
 II. {¶ 12} In his first assignment of error, Farley contends that the trial court erred in granting the state's motion for summary judgment because genuine issues of material fact remain. Specifically, Farley contends that the judgment lien did not attach to the subject real property because the state did not cause a certificate of judgment to be filed in the office of the Lawrence County Recorder, or cause a memorial of the judgment to be entered upon the register of the last certificate of title to the land to be affected, as he asserts R.C. 2329.02 requires.
 {¶ 13} Summary judgment is appropriate when the court finds that: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed most strongly in his or her favor. Civ.R. 56. See Bostic v. Connor (1988), 37 Ohio St.3d 144, 146;Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64,66; Morehead v. Conley (1991), 75 Ohio App.3d 409, 411. "In reviewing the propriety of summary judgment, an appellate court independently reviews the record to determine if summary judgment is appropriate. Accordingly, we afford no deference to the trial court's decision in answering that legal question." Morehead at 411-12. See, also, Schwartz v. Bank One, Portsmouth, N.A.
(1992), 84 Ohio App.3d 806, 809.
 {¶ 14} The burden of showing that no genuine issue of material fact exists falls upon the party requesting summary judgment. Dresher v. Burt (1996), 75 Ohio St.3d 280, 294, citing Mitseff v. Wheeler (1988) 38 Ohio St.3d 112, 115. The moving party bears this burden even for issues for which the nonmoving party may bear the burden of proof at trial. Id. "However, once the movant has supported his motion with appropriate evidentiary materials, the nonmoving party may not rely upon the allegations and/or denials in his pleadings. * * * He must present evidentiary materials showing that a material issue of fact does exist." Morehead at 413. Civ.R. 56(C) specifically provides that a trial court shall only consider "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact * * *."
 {¶ 15} Moreover, the fact that Farley did not present any evidence in opposition to the state's motion does not alter the state's burden, or our review of the trial court's judgment. Civ.R. 56(E) provides, in relevant part: "* * * [w]hen a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." The Ohio Supreme Court has recognized that "even where the nonmoving party fails completely to respond to the motion, summary judgment is improper unless reasonable minds can come to only one conclusion and that conclusion is adverse to the nonmoving party." Morris v. Ohio Cas. Ins. Co. (1988),35 Ohio St.3d 45, 47, citing Toledo's Great Eastern Shoppers City, Inc.v. Abde's Black Angus Steak House No. III, Inc. (1986),24 Ohio St.3d 198, 201-202.
 {¶ 16} In order to prevail upon its motion for summary judgment seeking to foreclose its lien against Farley's property, the state must demonstrate it perfected its lien on the subject real property while Roger owned it, such that Farley had constructive notice of the judgment lien and took title to the property subject to the lien.
 {¶ 17} The Ohio Supreme Court has long recognized that judgment liens are "creatures of statute[,]" and that their "existence and validity * * * [is] strictly dependent upon statutory provisions." Dressler v. Bowling (1986),24 Ohio St.3d 14, 15, citing Davis v. Messenger (1867),17 Ohio St. 231; Kilbreth v. Diss (1873), 24 Ohio St.2d 379; Tucker v.Shade (1874), 25 Ohio St. 355; Gorrell v. Kelsey (1883),40 Ohio St. 117.
 {¶ 18} R.C. 2329.02 provides, in relevant part: "Any judgment or decree rendered by any court of general jurisdiction, including district courts of the United States, within this state shall be a lien upon lands and tenements of each judgment debtor within any county of this state from the time there is filed in the office of the clerk of the court of common pleas of such county a certificate of judgment, setting forth the court in which the same was rendered, the title and number of the action, the names of the judgment creditors and judgment debtors, the amount of the judgment and costs, the rate of interest, if the judgment provides for interest, and the date from which such interest accrues, the date of rendition of the judgment, and the volume and page of the journal entry thereof."[2] R.C.2329.02 further provides that: "Such certificate shall be made by the clerk of court in which the judgment was rendered, under the seal of said court, upon the order of any person in whose favor such judgment was rendered or upon the order of any person claiming under him, and shall be delivered to the party so ordering the same; and the fee therefore shall be taxed in the costs of the action."
 {¶ 19} Thus, pursuant to R.C. 2329.02, a lien is immediately created upon the lands of the judgment debtor when a certificate of judgment is filed with the clerk of courts. Std. Hardware Supply Co. v. Bolen (1996) 115 Ohio App.3d 579, 582, citingTyler Refrig. Equip. Co. v. Stonick (1981), 3 Ohio App.3d 167,169; Maddox v. Astro Investments (1975), 45 Ohio App.2d 203,205-207. The act of filing is constructive notice to all parties of the existence of the lien. Id.
 {¶ 20} Here, in determining that summary judgment was appropriate, the trial court considered the state's motion for summary judgment and the exhibits attached thereto. Attached to the state's motion is a certified copy of the judgment entry from Roger's criminal case, which the state contends was filed as a certificate of judgment with the Lawrence County Court Clerk of Courts as a certificate of judgment on March 21, 2000, and recorded in Judgment Docket 19, page 396, and a certified copy of the deed transferring ownership of the property from Roger to Farley, executed on September 28, 2001, and recorded on February 8, 2002.
 {¶ 21} We note that the document the state contends is a certificate of judgment bears no markings identifying it as such. Nor does the document appear to have been under the seal of the Lawrence County Court of Common Pleas, as required by R.C.2329.02, when it was purportedly filed as a certificate of judgment on March 21, 2000. Further, while the document bears the handwritten notation, "filed 3/21/00 at 3:35 p.m." and bears the handwritten number "396" in the lower left hand corner, it is unclear from the document itself where, exactly, that filing took place or what significance the number "396" has.
 {¶ 22} While the document submitted by the state contains a certification that it is an exact copy from the original on file in the office of the Lawrence County Clerk of Court's Office, we cannot tell from the document, itself, in which of the clerk's files the document was kept (i.e. whether it was filed in Roger's criminal case, or separately filed as a certificate of judgment). Moreover, the state failed to file any other documentation that could clarify this information, such as an affidavit of the clerk of courts or another person with personal knowledge of the filing. Therefore, construing the evidence most strongly in Farley's favor, we conclude that the state failed to meet its burden of demonstrating that it perfected its judgment lien on March 21, 2000. Consequently, we find that genuine issues of material fact exist and, therefore, the state is not entitled to judgment as a matter of law. Accordingly, we sustain Farley's first assignment of error.[3]
 III. {¶ 23} In his second assignment of error, Farley contends that the fine that forms the basis of the purported lien upon his real property constitutes an excessive, and, therefore, unconstitutional, fine. Farley states that he is not arguing that the fine was excessive as it was imposed against his father, the criminal defendant, but that it is an excessive fine as applied to his property. In essence, Farley contends that a judgment creditor cannot perfect a valid lien against a parcel of real property owned by a judgment debtor and enforce that lien against the property in the hands of a subsequent owner who took the property with constructive knowledge of the lien's existence. The state, in contrast, contends that Farley lacks standing to challenge the actions of the trial court in the criminal proceedings against his father.
 {¶ 24} We find that Farley failed to raise this argument below. It is axiomatic that a litigant's failure to raise an issue in the trial court waives the litigant's right to raise that issue on appeal. Shover v. Cordis Corp. (1991),61 Ohio St.3d 213, 220, overruled on other grounds by Collins v. Sotka
(1998), 81 Ohio St.3d 506. But, even if we were to assume, arguendo, that Farley had adequately raised this before the trial court, his argument would fail because the very essence of our system of judgment liens contemplates that "[a] judgment lien attaches to the interest of the debtor and is effective as against a subsequent purchaser who has actual or constructive notice of the lien." State, Dept. of Taxation v. DCS Industries,Inc. (Mar. 19, 1999), Athens App. No. 98 CA 25, quoting 2 Ohio Real Property Law and Practice (1997 Ed.) 68, Section 18:18(D). It is well-settled that "the act of filing is constructive notice to all parties of the existence of the lien. Whether a purchaser had actual notice is relevant only if the lien was either not filed or improperly filed." Standard Hardware Supply Co. v.Bolen (1996), 115 Ohio App.3d 579, 582. (Citations omitted.) See, also R.C. 2329.02. Accordingly, we overrule Farley's second assignment of error.
 IV. {¶ 25} In his third assignment of error, Farley contends that the trial court erred in: (1) considering the state's motion for summary judgment because it was filed during the pendency of a prior appeal; and (2) failing to order the state to serve a copy of its motion for summary judgment upon him.
 {¶ 26} Farley is correct that a trial court generally loses jurisdiction to act in a case after a party files an appeal.State ex rel. Special Prosecutors v. Judges (1978),55 Ohio St.2d 94, 97. Although, a trial court does retain jurisdiction "over issues not inconsistent with that of the appellate court to review, affirm, modify or reverse the appealed judgment, such as the collateral issues like contempt, appointment of a receiver and injunction." Id. Here, however, the only action that occurred during the pendency of the appeal was that the state filed its motion for summary judgment. The record reflects that the trial court did not take any action upon the state's motion until the state filed a request for a hearing upon the motion, after we dismissed Farley's appeal in Farley I for lack of a final appealable order. Thus, the trial court did not err when it considered and ruled upon the state's motion for summary judgment, filed during the pendency of Farley I, after we dismissed that appeal.
 {¶ 27} Additionally, Farley contends that the trial court erred by failing to order the state to serve a copy of its motion for summary judgment upon him.
 {¶ 28} There is a presumption of proper service when the record reflects that the Civil Rules pertaining to service of process have been followed. Potter v. Troy (1992),78 Ohio App.3d 372, 377. A party may rebut that presumption by presenting sufficient evidence to the contrary. Id. citing Grant v. Ivy
(1980), 69 Ohio App.2d 40, at paragraph one of syllabus.
 {¶ 29} The state's motion for summary judgment contained a certificate of service, certifying that the state sent a copy of the motion to Farley at 532 Rockwood Avenue, Chesapeake, Ohio 45619, on September 13, 2004, via regular U.S. Mail. The record contains no evidence by affidavit or sworn testimony indicating that Farley did not receive a copy of the motion for summary judgment or that the address used by the state to serve notice of the motion was incorrect, and unsworn statements are not sufficient to rebut the presumption of proper service. Id. Therefore, we conclude that the state properly served its motion upon Farley. Moreover, we note that even if Farley did not actually receive service of the motion, in light of our resolution of his first assignment of error, he has suffered no prejudice as a result. Accordingly, we overrule Farley's third assignment of error.
 V. {¶ 30} In his final assignment of error, Farley contends that the trial court erred in summarily dismissing his cross complaint, sua sponte, for failure to state a claim upon which relief can be granted. Farley contends that the dismissal was erroneous because neither the state nor any of the other defendants named in the complaint filed a motion requesting dismissal, and because county recorders and county clerks may be held liable in a civil action for their negligent omission to perform a statutory duty, which proximately causes injury to another.
 {¶ 31} A dismissal for failure to state a claim upon which relief can be granted is a question of law which we review de novo. Cleveland Elec. Illum. Co. v. Pub. Util. Comm. (1996),76 Ohio St.3d 521, 524. In determining whether a complaint states a claim upon which relief may be granted, all factual allegations are presumed to be true and all reasonable inferences are made in favor of the nonmoving party. Perez v. Cleveland (1993),66 Ohio St.3d 397, 399. However, unsupported conclusions are not considered admitted and are insufficient to withstand a motion to dismiss. State ex rel. Hickman v. Capots (1989),45 Ohio St.3d 324. (Citations omitted.) In order for a court to dismiss a complaint pursuant to Civ.R. 12(B)(6), for failure to state a claim upon which relief can be granted, it must appear beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. York v. Ohio StateHighway Patrol (1991), 60 Ohio St.3d 143, 144.
 {¶ 32} The Ohio Supreme Court has recognized that sua sponte dismissal of a complaint is generally inappropriate without first providing notice of the court's intention to dismiss and an opportunity to respond. However, the court has recognized that sua sponte dismissal without notice is proper where the complaint is frivolous or the claimant obviously cannot prevail on the facts alleged in the complaint. State ex rel. Peeples v.Anderson (1995), 73 Ohio St.3d 559, 560, citing State ex rel.Edwards v. Toledo City School Dist. Bd. of Edn. (1995),72 Ohio St.3d 106, 108. (Citations omitted.)
 {¶ 33} In his "cross-complaint" Farley names the following "defendants": J.B. Collier, Jr., Lawrence County Prosecutor; Ray T. Dutey, Lawrence County Auditor; Dale Burcham, Lawrence County Clerk of Courts; John Doe 1, Lawrence County Recorder; and "Any other County official/hereto, unknown at this time."[4]
Farley alleges that he is the rightful owner of the real property that is the subject of the foreclosure action herein. He further alleges that the foreclosure action is based upon "an alleged judgment lien against it[s] previous owner[,]" that he purchased the property free and clear of any encumbrances or liens, and that he "was never made aware" that the property was subject to foreclosure until the state instituted this action. Farley then states: "Plaintiff herein presents a cross-claim against ALL NAMED DEFENDANTS, and all defendants to be discovered through discovery, for [`]failing to index a deed or other instrument of writing by the morning or day after it is filed for record, or for failing to file for recording, or neglects without good excuse, to record a deed or other instrument of writing within twenty days after it is received for record * * *' * * * R.C. 317.33[.]"
 {¶ 34} Farley then requests full compensation for any loss he incurs in the underlying foreclosure action as a result of the negligence or dereliction of any defendant, and further requests "damages for emotional distress, attorney fees, and punitive damages against any defendant against whom maliciousness can be proven." Farley then alleges that, based upon the attached deed, in which his father conveyed the property to him, he is entitled to summary judgment on the issue of negligence against the County Recorder pursuant to R.C. 317.33.
 {¶ 35} R.C. 2744.03(A) provides immunity for employees of political subdivisions in actions brought against them to recover damages for injury, death, or loss to person or property allegedly caused by an act or omission in connection with a governmental or proprietary function. R.C. 2744.03(A)(6) provides that an employee is immune from liability unless one of three exceptions apply: (1) the employee's acts were manifestly outside the scope of employment or official responsibilities; (2) the acts were committed with malicious purpose, in bad faith, or in a wanton or reckless manner; or (3) liability is expressly imposed by another section of the Revised Code. R.C. 2744(A)(6)(a)-(c).
 {¶ 36} Here, Farley's cross-complaint essentially alleges that due to the negligence of various county officials in performing or failing to perform their statutory duties to file and/or record the judgment against the previous owner of the property, he did not have knowledge, be it actual or constructive, that his property was subject to a judgment lien or possible foreclosure. Farley also alleges, albeit minimally and in his prayer for relief, that the various county officials acted maliciously in performing or failing to perform their statutory duties. Thus, it is not obvious that Farley cannot prevail on the facts alleged in his cross-complaint. Therefore, we conclude that the trial court should have given Farley notice and an opportunity to respond before sua sponte dismissing his cross-complaint pursuant to Civ.R. 12(B)(6). See, Peeples andEdwards, supra.
 {¶ 37} However, the Ohio Supreme Court has held that "a reviewing court is not authorized to reverse a correct judgment merely because erroneous reasons were assigned as a basis thereof." Peeples at 560, citing State ex rel. Cassels v.Dayton City School Dist. Bd. of Edn. (1994), 69 Ohio St.3d 217,222, 631 N.E.2d 150, 154. While we find that the trial court should have given Farley notice of its intention to sua sponte dismiss his claim under Civ.R. 12(B)(6) and an opportunity to respond, we find that the trial court had the authority to strike Farley's cross claim from the record independent of Civ.R. 12(B)(6). Specifically, we find that the trial court had the authority to strike Farley's cross complaint because he did not timely file it, and failed to request leave of the trial court to file it out of rule.
 {¶ 38} Generally, a counterclaim, whether compulsory or permissive, must be filed in an answer. Civ.R. 13(A). Similarly, a party must generally assert any cross-claim against any co-defendants in an answer. See Civ.R. 13(G). Civ.R. 13(E) provides: "When a pleader fails to set up a counterclaim through oversight, inadvertence, or excusable neglect, or when justice requires, he may by leave of court set up the counterclaim by amendment." Furthermore, Civ.R. 14(A) provides, in relevant part: "At any time after commencement of the action a defending party, as a third-party plaintiff, may cause a summons and complaint to be served upon a person not party to the action who is or may be liable to him for all or part of the plaintiff's claim against him. The third-party plaintiff need not obtain leave to make the service if he files the third-party complaint not later than fourteen days after he serves his original answer. Otherwise he must obtain leave on motion upon notice to all parties to the action."
 {¶ 39} Here, the record reflects that Farley was served with the complaint on June 1, 2004. Therefore, his answer to the complaint was due no later than June 29, 2004. See Civ.R. 12(A)(1). The state admitted, and the trial court found that Farley did file an answer to the complaint. However, the record does not contain Farley's answer. While we cannot determine when Farley filed his answer, the record does not reveal that Farley requested leave to file an untimely answer. Therefore, we presume that he filed it on or before June 29, 2004.
 {¶ 40} Pursuant to Civ.R. 12(A)(1) and Civ.R. 13, Farley could file his answer, counterclaim and cross-claim without leave of court until June 29, 2004. Similarly, pursuant to Civ.R. 14(A), he could file a third-party complaint without leave of court until July 13, 2004. However, the record reveals that he did not file his "cross-complaint" until December 14, 2004. Moreover, the record reveals that Farley failed to request leave of court to untimely file the claims set forth in his cross-complaint. If a party files an untimely counterclaim without obtaining the trial court's authorization, the trial court has the discretion to strike that counterclaim. Mulhollenv. Angel, Franklin App. No. 03AP-1218, 2005-Ohio-578, at ¶ 27, citing Moots, Cope and Stanton v. Triplett (Dec. 14, 1999), Franklin App. No. 99AP-333; Talcott v. Sheffield-Sheffield LakeBd. of Edn. (Nov. 20, 1986), Cuyahoga App. No. 51372 (holding that the trial court had discretion to strike an unauthorized cross-claim). See, also, DeVito v. DeVito (Oct. 26, 1992), Licking App. No. 92-CA-60.
 {¶ 41} Based upon the foregoing, we conclude that, the trial court did not err in striking Farley's cross-complaint from the record. Accordingly, we overrule Farley's fourth assignment of error.
 VI. {¶ 42} In conclusion, we sustain Farley's first assignment of error, decline to address his second assignment of error because he failed to raise it below, and overrule Farley's third and fourth assignments of error. Accordingly, we affirm the trial court's judgment in part, reverse it in part, and remand this cause for further proceedings consistent with this decision.
JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND CAUSEREMANDED.
[1] Although the state admitted at the hearing on its motion for summary judgment, and the trial court found, in its September 25, 2005 judgment entry, that Farley filed an answer to the state's complaint, we note that the record before this court does not contain Farley's answer.
[2] Farley contends that the state's lien is invalid because it failed to comply with the next paragraph of R.C. 2329.02, which requires a certificate of judgment to be filed with the county recorder of the county in which the land is situated, and requires a memorial of the certificate of judgment to be entered upon the register of the last certificate of title to the land to be affected. However, we note that the provision advanced by Farley applies only to "lands * * * registered under 5309.02 to 5309.98, inclusive, and 5310.01 to 5310.21, inclusive of the Revised Code." Those provisions deal with lands subject to a land registration system for registering titles, conveyances and encumbrances of land that works much like the State of Ohio's system for registering the ownership of automobiles via certificate of title. Because the ownership of the land at issue has been memorialized by the recordation of deeds and other instruments for the conveyance or encumbrance of land in a "traditional recordation system" rather than a "land registration system" as defined in R.C. 5310.31(F) and (C), we conclude that the section of R.C. 2329.02 advanced by Farley is inapplicable to the facts herein.
[3] The dissent finds that the judgment entry, time stamped on March 14, 2000, granting the State of Ohio a judgment against Roger Farley in his criminal case constitutes substantial compliance with the requirements of R.C. 2329.02. We respectfully disagree. In our view, the R.C. 2329.02 provision that a judgment becomes a lien upon the filing of a certificate of judgment requires a filing in addition to the court's filing of the original judgment entry, even though that filing may also occur in the office of the clerk of the court which originally rendered the judgment. In interpreting a predecessor of the current R.C.2329.02, the Third District Court of Appeals stated: "It seems odd that under the provisions of Section 11656, General Code, in order to perfect a lien of a judgment upon real estate located in the county in which the judgment is rendered it is necessary to file a certificate of judgment in the office of the clerk of the court in which the judgment is rendered, but it is clear that this was the intention of the Legislature, as prior to the amendment of said section, effective August 30, 1935, to read as it now reads, it did prescribe that `lands and tenements within the county where the judgment is entered shall be bound for its satisfaction from the day on which such judgment is rendered,' which provision was eliminated by the amendment." Boerner v.Hullinger (1952), 94 Ohio App. 51, 58-59. The court further noted: "The amendment, however, does serve the useful purpose of requiring a special record to be made of all certificates of judgments operating as liens upon real estate." Id. at 59. Additionally, we note that we continue to follow our holding inStandard Hardware and Supply Co., supra, that "the misindexing or even failure to index does not affect the validity of a judgment lien * * *." Here, however, any evidence that the clerk docketed and indexed the "certificate of judgment" could have offered some support for the state's contention that it properly filed a certificate of judgment with the Lawrence County Clerk of Courts. While the state may very well have properly filed its certificate of judgment lien, we maintain that the record before this court does not establish that fact with sufficient certainty to support a summary judgment in the state's favor.
[4] Although Farley identified the document he filed on December 14, 2004, as a "Cross-Complaint for Negligence (sic) Omission/Dereliction (sic) of Statutory duty[,]" we note that document is more accurately identified as a counterclaim against J.B. Collier, Jr., Lawrence County Prosecutor; a cross-claim against Ray T. Dutey, Lawrence County Auditor; and a cross-claim or third-party complaint against Dale Burcham, Lawrence County Clerk of Courts, and John Doe 1, Lawrence County Recorder. However, to maintain consistency, we shall refer to the document as a "cross-complaint" herein.