OPINION
{¶ 1} Billy J. Womble appeals from a judgment of the Montgomery County Court, Area One, which denied his motion for relief from a default judgment entered in favor of St. Paul Fire and Marine Insurance Company ("St. Paul").
 {¶ 2} On June 29, 2003, Womble's car was involved in a collision with a Trotwood *Page 2 
police cruiser, and he was seriously injured. St. Paul was Trotwood's insurance carrier. On January 12, 2005, St. Paul filed a complaint against Womble seeking to recover $9,706.75 in damage to the cruiser. Notice of this complaint was sent to Womble by certified mail, which went unclaimed, and then by regular mail. Womble did not file an answer.
 {¶ 3} On March 14, 2005, in a separate case, Womble filed a complaint against Trotwood and the police officer who was driving the cruiser seeking compensation for his injuries. The complaint alleged that the officer had been traveling with emergency lights activated, but without using the cruiser's siren, and that the officer had traveled through an intersection at a high rate of speed, against the traffic signal, without slowing or stopping to check for other traffic, thereby causing the collision.
 {¶ 4} On April 28, 2005, St. Paul filed a motion for default judgment on its claim against Womble. The trial court entered default judgment on May 2, 2005.
 {¶ 5} In December 2006, Womble and St. Paul resolved Womble's case against the city by entering into a confidential settlement.
 {¶ 6} On February 26, 2007, Womble filed a motion for relief from judgment, claiming that he had never received notice of St. Paul's action against him for damage to the cruiser and had learned of the judgment only three weeks earlier when he appeared in court on another matter. Womble attached his own affidavit stating that he had never received any court papers concerning the case. He also attached affidavits from numerous other witnesses to the accident who attested that he had not been driving the car that was involved in the collision with the cruiser. It is undisputed that Womble owned the car.
 {¶ 7} On April 24, 2007, the trial court denied Womble's motion for relief from *Page 3 
judgment without a hearing and without explanation. The court subsequently filed an Amended Memorandum in Opposition of Granting Relief from Default Judgment, which stated that "Mr. Womble did not file within a reasonable time that is not more than one year after default judgment has been entered."
 {¶ 8} Womble raises one assignment of error on appeal.
 {¶ 9} "THE TRIAL COURT ERRED AND/OR ABUSED ITS DISCRETION IN DENYING DEFENDANT/APPELLANT'S MOTION TO SET ASIDE THE DEFAULT JUDGMENT AND BY NOT HOLDING A HEARING TO DETERMINE THE MERITS OF THE MOTION."
 {¶ 10} Womble contends that the trial court erred in overruling in his motion for relief from judgment without a hearing when he had asserted that he did not receive notice of the action. Based on this assertion, he also claims that his motion was filed within a reasonable time.
 {¶ 11} Civ. R. 60(B) allows trial courts to relieve parties from a final judgment for the following reasons:
 {¶ 12} "(1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under [Civ. R.] 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment." Womble sought relief *Page 4 
under Civ. R. 60(B)(4) and (5).
 {¶ 13} Civ. R. 60(B) further provides that the motion for relief from judgment shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. See, also, GTE Automatic Elec, Inc. v.ARC Industries, Inc. (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus; Mid-State Trust IX v. Davis, Champaign App. No. 07-CA-31, 2008-Ohio-1985. The rule does not specify what constitutes a "reasonable time" for seeking relief under Civ. R. 60(B)(5). Zwahlen v. Brown, Hamilton App. No. C-070263, 2008-Ohio-151.
 {¶ 14} The trial court's "Amended Memorandum in Opposition of Granting Relief from Default Judgment" suggests that it may have applied the one year limit in assessing whether Womble's motion was filed within a reasonable time. Because Womble's motion was filed pursuant to Civ. R. 60(B)(4) and (5), the one year limit was not determinative of the timeliness of the motion.
 {¶ 15} Moreover, we have held that a defendant's affidavit that he did not receive process sent to the correct address, although self-serving, must be considered. Security Nat. Bank and Trust Co. v. Murphy (July 20, 1989), Clark App. No. 2552; Cincinnati Ins. Co. v. Lafitte, Montgomery App. No. 21055, 2006-Ohio-1806, at ¶ 8. The trial court must hold an evidentiary hearing on the matter before determining whether the defendant's statement that he did not receive service of process is credible. Lafitte at ¶ 8.
 {¶ 16} Because the trial court failed to hold an evidentiary hearing before ruling on Womble's motion for relief from judgment, his assignment of error is sustained, and this matter is reversed and remanded for an evidentiary hearing on whether Womble received notice of the *Page 5 
proceedings. We note that, on remand, the trial court should not consider the one-year limitation on filings under Civ. R. 60(B)(1)-(3).
 {¶ 17} The judgment of the trial court will be reversed and the matter remanded for further proceedings.
 BROGAN, J. and DONOVAN, J., concur *Page 1